THE CENTRAL RAILROAD AND BANKING CO. *v.* NEIGHBORS.

1. A charge that if plaintiff was directed by the yard-conductor to go in and make a coupling, and signalled the engineer to stop, and the engineer stopped, and plaintiff, in the exercise of ordinary care and diligence to avoid the injury, was proceeding to shift a coupling-pin from a lower to a higher bumper in order to make the coupling, and the engineer, without notice to him and negligently, came back, and plaintiff's hand was caught and injured, he would be entitled to recover,—was not an expression of opinion as to what acts of defendant would constitute negligence, and did not exclude from the jury the consideration of whether or not the plaintiff, after the engineer started to come back, might not by the exercise of ordinary diligence have avoided the injury; especially as the jury had already been instructed that plaintiff could not recover if in fault, or if he could have avoided the injury by the exercise of ordinary care, although defendant may have been negligent, and as they were afterwards instructed that if the engineer was not negligent in pushing the cars back, plaintiff could not recover.

2. The court had the right to inquire of the jury as to whether or not they had agreed upon a verdict, and if they had not agreed, to inquire whether it was a question of law or fact upon which they disagreed, and upon ascertaining that it was a question of fact, to tell them that he could not assist them upon that question, because they were the sole judges of the evidence and must find the facts, and apply the law as given them in charge and find a verdict.

October 9, 1889.

Charge of court.　Jury.　Railroads.　Negligence. Practice.　Before Judge VAN EPPS.　City court of Atlanta.　March term, 1889.

Reported in the decision.

CALHOUN, KING & SPALDING, for plaintiff in error.

R. J. JORDAN, *contra.*

SIMMONS, Justice.

Neighbors sued the railroad company for damages for personal injuries sustained by him while coupling cars. The jury returned a verdict in his-favor, and the defendant made a motion for a new trial upon the several grounds stated therein, which was overruled by the

court, and it excepted.    The only grounds relied on before us for a reversal of the judgment of the trial court were the fourth and fifth.

1. The 4th ground is as follows : " Because the court erred in charging the jury as follows, to-wit: 'If you believe from the evidence that the plaintiff was directed by the yard-conductor to go in to make a coupling, and that he signalled the engineer to stop, and that the engineer stopped, and that the plaintiff, in the exercise of ordinary care and diligence on his part to avoid the injury, was proceeding to shift a coupling-pin from a lower to a higher bumper in order to make a coupling, and that the engineer, without any notice to him and negligently, came back, and that the plaintiff's hand was caught and injured, the plaintiff would be entitled to recover."    The exceptions taken to this charge were, that it was an expression of opinion as to what acts on on the part of the defendant's agent would constitute negligence, and also that it excluded from the jury the consideration of whether or not the plaintiff, after the engineer started to come back, might not, by the exercise of ordinary diligence, have avoided the injury.

We do not think these exceptions are well-founded. We have carefully scanned the extract from the charge set out in the foregoing ground of the motion, and we cannot see that there is any expression of opinion by the court as to whether there was negligence or not on the part of the defendant's agents.    The charge leaves to the jury to find the facts, including negligence or no negligence, and in substance tells them that, if the facts mentioned in the charge are found to be true by them, including negligence, then they would be authorized to find for the plaintiff.    The extract excepted to says, that if the jury believe from the evidence that such and such facts (enumerating them) are true, and that the engineer negligently pushed the train back, the defendant would

be liable.    Instead of telling them what had been proved, the court leaves it to the jury to say whether these facts had been established by the evidence or not, and whether the engineer was negligent or not.    The court also left it to the jury to say whether the plaintiff could have avoided the injury to himself by the exercise of proper care.    It is true this was in the first part of the extract excepted to, but we do not think it is necessary for the judge to repeat at the end of every sentence that the plaintiff cannot recover if he could have avoided the injury by the exercise of proper care.    Besides, the court had already instructed the jury in other portions of the charge that the plaintiff could not recover if he was in fault, or could have avoided the injury to himself by the exercise of ordinary care, although the defendant might have been negligent.    Besides, in the very next sentence after ·the one excepted to, the court puts the alternative, and instructs the jury that if the engineer was not negligent in pushing the cars back, the plaintiff could not recover.    We have read the whole charge of the court sent up in this record, and it is a fair, full and clear· exposition of the law on the subject of the right of an employé to recover for an injury from a railroad company.

Counsel for the plaintiff in ·error relied upon the case of *West End & Atlanta Railway Co.· v.· Mozely,* 79 *Ga.* 463, to sustain him in the criticism he makes upon this charge.    But in our opinion there is a wide difference between the charge given in that case, and the charge now under consideration.    In the charge in that case, the court did not submit to the jury the question whether the acts mentioned in that charge constituted negligence on the part of the railroad company, but assumed that they did constitute negligence.    In this case the charge leaves it to the jury to find whether the facts enumerated were true, and whether it was neg-

ligence for the engineer to push back his train.   In the *Mozely* case the court did not submit to the jury whether the plaintiff could have avoided the injury to himself or not by the exercise of reasonable care.   In this case, as we have shown, that question was directly submitted to the jury by the court in its charge.

2. The 5th ground complains that the court sent for the jury and enquired whether they had agreed upon a verdict or not, and when he ascertained from the answer of one of the jury that they had not agreed, and that the question upon which they disagreed was a question of fact and not of law, he instructed them that as it was a question of fact, he could not assist them, but that if it was a question of law he could assist them by instructing them what the law was, that they were the sole judges of the evidence, and that they must find the facts and apply the law as given them in charge, to the facts, and find a verdict.   We do not see the slightest error in this action of the court.   The court had a right to enquire of the jury as to whether they had agreed upon a verdict or not, and if they had not agreed, he had a right to enquire whether it was a question of law or of fact upon which they disagreed. Ascertaining that it was a question of fact, he had the right to tell them that he could not assist them upon that question, because they were the sole judges of the evidence.   He did not tell them or intimate to them what they should find, as the court did in the case of *Georgia Railroad* v. *Cole*, 77 *Ga.* 77, cited by the counsel for the plaintiff in error.   In that case the court instructed the jury to " retire and see if you cannot agree upon the amount," thereby intimating that the question of amount was all that was necessary to be settled by the jury,                              *Judgment affirmed.*