### 327. CAVENDER *v.* ATKINS.

There is no abuse of discretion in refusing a continuance upon the ground of the absence of a party to a cause, where it is not made to appear that such party is at the time of the trial unable to be present.

Certiorari, from Chattooga superior court—Judge Wright. September 15, 1906.

Argued May 6,—Decided June 20, 1907.

*Taylor & Jolly, McHenry & Porter,* for plaintiff in error.

*F. W. Copeland, J. M. Bellah,* contra.

RUSSELL, J. The defendant in error caused to be issued against the plaintiff in error an attachment, upon the ground that he was not a resident of the State of Georgia, which was returned to the justice's court of the 962d district, to the February term, held February 4, 1905. Prior to the court day the plaintiff in error spoke to the justice of the peace about a continuance of the case, in order that he might attend the superior court of Murray county. Upon his return to his home in Chattanooga, Tenn., he inclosed the following certificate in the letter which follows:

"Mr. J. W. Cavender is ill with la grippe, and unable to attend to business.                    C. Holtzclaw, M. D.

"State of Tennessee, County of Hamilton.

"Sworn to and subscribed before me this the 1st day of February, 1905.                    W. S. Weitzell, N. P. [Seal.]"

"Chattanooga, Tenn., Feb. 1st, 1905.

"Esquire Geo. O. Ramsey, Subligna, Ga.

"Dear Sir: I returned home sick, and, as I am not able to come down Saturday, I send you my doctor's affidavit, which is proper

showing for you to continue the case. Hope the continuing of it won't disconcert any one. I am sorry I am not able to come.

"Your friend,                    J. W. Cavender."

Upon this showing the judge, in the exercise of his discretion, refused to continue the case and rendered judgment in favor of the plaintiff. As appears from the answer of the justice, no plea had been filed in the case, and no point is made that evidence sufficient to authorize the judgment was not adduced. The defendant carried the case to the superior court by certiorari, where the petition was dismissed; and exception is taken to the judgment dismissing the certiorari.

The only question in the case is whether the justice of the peace abused his discretion in refusing a continuance of the case upon the showing made. We agree with the judge of the superior court in holding that the magistrate was not required to continue the case upon the showing presented. The certificate of the physician purported to give the condition of the party on February 1st. The court did not sit until February 4th, and the certificate contained no statement which could inform the court as to the duration of the movant's illness, or from which the court could absolutely infer that the movant's ailment would continue until the day upon which court was to be held. We think every facility should be afforded each and every party in every case for fairly presenting his side of the issue, and that the law of continuance should be given a liberal construction; but we are not prepared to say that the trial judge in this case abused the discretion with which he is vested by law. The mere absence of a party has nowhere been held to be of itself enough to authorize the continuance of the case. A meritorious reason existing at the time of the trial, which prevents his presence, must be made to appear; and it should further be shown that the presence of the party would be likely to cause a different result from that obtained, before the judgment should be set aside and a new trial ordered. "The law's delay" is one of the most serious impediments in the administration of substantial justice in the courts. We do not mean to say that in any case there should be unseemly, undue, or unjust haste; but hope deferred makes the heart sick, and many a case is killed by continuance.

Though constrained to affirm the judgment in this case, for

the reason that the showing made did not require a continuance, because it did not cover the date of the trial, this judgment is not to preclude or prevent the plaintiff in error from proceeding by equitable petition to have the judgment rendered set aside, if as a matter of fact he has a meritorious defense and was really physically unable on the day of trial to attend court. The judgment is affirmed, with direction that this judgment shall not operate to prejudice the right of plaintiff in error to proceed accordingly.

*Judgment affirmed, with direction.*