## Louisville & Nashville Railroad Company *v.* Biggs.

Fish, C. J. 1. On the trial of an action against a railroad company, for injuries to certain live stock, alleged to have been caused by the negligent running of the defendant's locomotive and cars, there was evidence tending to show that two mares belonging to the plaintiff were, unattended by any one, returning to plaintiff's home along a public road, and, when just in the act of crossing the track over a public crossing at grade, were frightened by the running of the locomotive and cars of the defendant at a speed of about 35 or 40 miles an hour, in approaching the crossing and passing over the same, thereby causing them to run from the crossing, or a point very near thereto, and along the track and right of way of the company, in front of the engine, and in leaving the track, which was on a fill some 12 or 15 feet high, were thereby injured in the manner claimed. *Held:* (*a*) It was not error to instruct the jury in the language of the Civil Code, § 2780, to the effect that the presumption in all cases is against the railroad company where damage is done to stock, etc., by the running of the locomotive, cars, or other machinery of such company. *Georgia Railroad v. Carr, 73 Ga. 557.* (*b*) Nor was it erroneous to give in charge the provisions of the Civil Code, § 2675, relating to the "blow-post law." *Bowen v. Gainesville, Jefferson & Southern Railroad Co., 95 Ga. 688 (22 S. E. 695).*

2. The court did not err in failing to instruct the jury as follows: "That defendant had the right to make all the noises incident to the movements and running of its locomotives and trains; and that it is only where the company's servants make unusual and unnecessary noises in the running of their trains, and where no necessity for the making of such noises is made to appear, that it is liable for the injuries of such needless and unusual noises." If such an instruction was applicable to the facts of this case, there was no written request to give it.

3. The court erred in giving the following charge to the jury: "I charge you that it is the duty of the engineer and fireman, when not otherwise engaged, to keep a lookout ahead for persons and things that may be upon the track or crossing or attempting to cross the same, or dangerously close thereto; and to use all ordinary and reasonable care and diligence to prevent injuring and damaging them or either of them. In this case, if they negligently failed to do so, and the injury and damage to the mares resulted in consequence of such negligence, then the company would be liable; but if they did this, or were not negligent in failing to do it, then the company would not be liable on that account, although the mares may have been frightened by the train and injured and damaged in consequence thereof." It has been frequently held by this court that it is erroneous for the judge to charge the jury that certain acts or omissions of the defendant constitute negligence, when such acts or omissions are not negligence per se.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*

APRIL 23, 1914.

Action for damages. Before Judge Fite. Murray superior court. May 13, 1914.

*D. W. Blair* and *C. N. King,* for plaintiff in error.