## 7551. ATLANTIC COAST LINE RAILROAD CO. v. MEAD.

Whether language which the plaintiff in her petition alleged to be insulting was in fact insulting was an issue of fact to be determined by the jury; and the court in charging the jury erred in using the expression, "If you find that the plaintiff in this case received the insults alleged in her petition," since it intimated an opinion that the language in question was insulting.

DECIDED SEPTEMBER 21, 1916.

Action for damages; from city court of Blackshear—Judge Mitchell. April 29, 1916.

The action was for damages on account of alleged insults to the plaintiff, a woman, by an 'alleged representative of the railroad company. The petition alleged, that the plaintiff "went into the waiting-room at defendant's . . depot, and, desiring to go to Waycross, approached a window to [the defendant's] ticket-office, through which window tickets are sold to passengers, and called for a ticket to Waycross. Thereupon one Ray Riggins, who was inside said ticket-office and acting for said defendant company, came to

the ticket-window with the ticket as requested to Waycross. Said Riggins, notwithstanding he was practically a stranger to her, began asking her questions that were grossly insulting, among others the question as to whether she was married or single, and when she expected to return to Blackshear, and then, when informed by her that she did not know when she would return, said Riggins insultingly stated to her that when she returned he wanted her to come to see him. Petitioner, becoming indignant at the insult thus offered her, indignantly replied that she did not go to see men, when said Riggins, not satisfied with the great insult already offered her, said to petitioner, 'Well, let me know when you return, and I will come to see you;' whereupon petitioner was so exasperated by the conduct of said Riggins that she turned away and sat down, stinging under the insult thus offered to her, overwhelmed with grief and anger at the conduct of said Riggins."

*Bennet, Twitty & Reese, Memory & Memory,* for plaintiff in error. *James R. Thomas, Parker & Parker,* contra.

HODGES, J. 1. The plaintiff, having purchased a passenger-ticket from the railroad ticket-agent, was in the waiting-room at the depot, and the ticket-agent asked her certain questions, and engaged her in a conversation which she alleges was insulting, and which her petition set out in totidem verbis, without an innuendo. She proved her case as laid in the petition, and the jury found in her favor. Exception was taken to the following excerpt from the charge of the court: "If you find that the plaintiff in this case received the insults alleged in her petition, and if you find this from the preponderance of the weight of the evidence in the case, and if you find that this language used to her was insulting, used as it was and under the circumstances that it was, then it would be your duty to find a verdict in favor of this plaintiff." This charge was error, because the words set out in the petition showing the conversation engaged in by and between the plaintiff and ticket-agent, are not necessarily, as a matter of law, insulting,—giving the words their usual and natural construction. It was a question for the jury whether they were insulting. The expression, "If you find that the plaintiff in this case received the insults alleged in her petition," intimated an opinion on the facts in the case, in that it intimated an opinion that the language used by the ticket-agent to the plaintiff was insulting; which was an issue for the jury to determine.

2. Exception is taken to the following excerpt from the charge of the court: "If you find, however, that the language as used to plaintiff has not been proven to you by a preponderance of the weight of the evidence, then, gentlemen of the jury, you could not find for the plaintiff in the case." This, taken in connection with the preceding excerpt, also intimated an opinion that the words set out in the petition, alleged to have been used by the ticket-agent to the plaintiff, were as a matter of fact and law insulting, and authorized a verdict in favor of the plaintiff, regardless of the meaning of the words, giving them their usual and ordinary construction. It was peculiarly a question for the jury whether or not such words were insulting to the plaintiff, giving the words their usual and ordinary signification; no innuendo being set out in the petition. .

3. Other alleged errors are complained of, but they are not considered, inasmuch as it is not likely that they will recur on another trial of the case. *Judgment reversed.*

BROYLES, J., dissenting. In my opinion, the above-quoted excerpts from the charge of the court, when considered in the light of the charge as a whole, do not require a reversal of the judgment in this case.