Decided February 14, 1931.

20719. JOHNSON *v.* WOFFORD OIL COMPANY.

Decided February 14, 1931.

*Porter & Mebane,* for plaintiff.
*Wright & Covington,* for defendant.

Jenkins, P. J. It is well settled that what constitutes negligence on the part of a defendant, what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff, are questions for the jury except in plain and indisputable cases. *Farrar* v. *Farrar,* 41 *Ga. App.* 120 (152 S. E. 278). A charge by the court in a suit for damages growing out of a collision between plaintiff's automobile and defendant's truck, that "if you should find from the evidence

in this case that the barrel rack upon the side of this truck did not protrude, but that Johnson, either through accident or inadvertence, caused his automobile to turn to the left and against the side of the truck and struck the truck in this way, then I charge you that the defendant in this case would not be liable, and it would be your duty to return a verdict in this case in favor of the defendant," was violative of the rule just stated, under the particular facts and circumstances attending the happening as testified to by the plaintiff and his witnesses, since, according to the plaintiff's evidence and contentions, the collision occurred on the side of the road to which the plaintiff was entitled, that is, after the defendant's truck had encroached beyond the center of the road, and over into the side of the road to which the plaintiff was entitled, and at a time when, according to the testimony of the plaintiff's witnesses, the plaintiff had gotten as far off the road as possible without running into the ditch. Under these circumstances it was for the jury to determine whether the act of the plaintiff, if committed in the manner referred to in the charge, constituted negligence, and, if so, whether such negligence on his part constituted the proximate cause of the injury.

2. Although the evidence fully warranted the finding of the jury in favor of the defendant, since a new trial must be had on account of the error indicated above, and the assignments of error other than the one there dealt with relate to matters not likely to arise an another trial, it is not necessary to deal with them here.

*Judgment reversed. Stephens and Bell, JJ., concur.*