25187.  RANDALL BROTHERS INC. *v.* DUCKETT.

DECIDED APRIL 13, 1936.

*Smith, Smith & Bloodworth, R. E. Lee Field,* for plaintiff in error.

*James N. Frazer, Sidney Smith,* contra.

JENKINS, P. J.  Three independent suits against the same defendant, growing out of the same automobile collision, one by Duckett, the driver of one of the cars, another by his wife, a guest in his car, and the third by Mrs. Tierce, another guest, were tried

together. The instant writ of error, brought by the defendant, is in the case of the wife. The requested charge to the jury, referred to in the syllabus-opinion infra, was as follows: "I charge you that a person riding as a guest may, until he has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others, if any. But while the negligence of the host is not imputable to the guest, the guest can not close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others; and if there is danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it would be the duty of the guest to do whatever, in the opinion of the jury, a person of ordinary prudence would or should do in the same or like circumstances."

The portion of the charge which is pertinent to the ruling made is as follows: "The plaintiffs, Mrs. H. C. Duckett and Mrs. J. W. Tierce, contend that they were guests in the automobile being driven by Duckett, that they were voluntary guests, that they had nothing to do with the operation of the automobile by Duckett, that they were under no duty and had no right to control his method and manner of handling the car in which they were guests, and they contend that they did not undertake to do so. The law required them to be in the exercise of ordinary care for their own safety, and the law required Duckett to be in the exercise of ordinary care; and ordinary care as applied to these plaintiffs here has the same meaning and definition as that already given you. The question arises now, gentlemen, as to whether or not, if Duckett was negligent, the plaintiffs, denying that he was, such negligence, if it existed, would be charged against the other two plaintiffs as their own acts, and if Duckett's conduct might be imputable to the women plaintiffs, then, gentlemen, you will apply as to all three plaintiffs here the rule now to be stated as applicable to the three plaintiffs. And if the husband's conduct and acts are not imputable to them, then this rule should only be considered in considering the husband's case, Duckett's case. And the rule referred to is what is known in law, gentlemen, as the passive-negligence rule. I will give you that rule right now; but, as I

have stated, it is first up to you to say whether or not, as to these two women plaintiffs, the acts of Duckett, the driver of the car in which they were riding, are or are not to be imputable to them, as to whether or not Duckett's acts were their acts, in applying this rule which I will soon state to you. But, to restate the imputable-negligence rule, gentlemen, and probably make it plainer than I did, the plaintiff contends that she was riding in the automobile of another, but that she had nothing to do with directing or controlling the movements of the automobile in which she was riding; she contends that she had no right to control its movements, that she had nothing to do with its operation at all, that she·was without any right to influence the control of the vehicle or its movements in any particular, and that she did not do so. Well, if you believe that contention to be true, the legal rule on the subject would be this: The negligence of the driver of the vehicle in which plaintiff was riding, who by such negligence contributed to cause the collision is not imputable to any person riding by invitation in the vehicle, unless the person so riding had some right or was under some duty to influence the driver's conduct in the operation of the automobile, whoever he was. The plaintiff contends that she had no right and was under no duty to influence the driver's conduct in driving or controlling the operation of the car, and that she did not do so. If you believe that contention of the plaintiff to be true, then if the driver was guilty of negligence proximately contributing to the injury of the plaintiff, if any injury was sustained, that negligence would not be imputable to the plaintiff, and would not have the effect of defeating the plaintiff's right to recover, if otherwise such right exists. The defendant here takes issue with the plaintiff's contention, and insists that, while admitting that the car belonged to another and that the other may have been driving it, in the situation and circumstances of this particular case the plaintiff was under the duty to keep a lookout herself and to have warned the driver of the approach of the other car, and that the plaintiff was under the duty of influencing and should have influenced the conduct of the driver, and that the plaintiff failed to exercise ordinary care, which the law provided that they should exercise. And it is a matter for you to determine; and the legal rule on the subject is, as already stated, that the plaintiff must herself have been in the

exercise of ordinary care for her own safety. And the ordinary care required of her under the circumstances is a matter for you to determine. So, gentlemen, you determine that issue, and apply, as to these two women plaintiffs, this rule. It is applicable in any event to Duckett. If you conclude that the defendant was negligent, you should then determine whether or not the plaintiff, —and I refer to all three of these plaintiffs if you impute the acts of Duckett to the women; if not, it applies only to Duckett,— whether the plaintiff is barred of the right of recovery against the defendant under the rule of law to which your attention is now directed. And that rule is, that, if the defendant was negligent, determine whether the plaintiff Duckett, and the other two women, too, if you impute Duckett's acts to the women, if you do not, as I have already stated, then this rule would apply only to Duckett, determine whether the plaintiff, after such negligence arose, knew of its existence, or whether the plaintiff by the exercise of the degree of care which the law required the plaintiff to exercise, which was, as I have already stated, ordinary care, should have known of the defendant's negligence; and if you reach the conclusion that the plaintiff either knew or by the exercise of the degree of care just stated should have known of its existence, then determine whether the plaintiff then, by the exercise of the degree of care which the law required the plaintiff to exercise for his safety, or her safety, as applicable to them, which has just been stated and defined, could have avoided the consequences to himself, could have protected himself against the defendant's negligence. And if you conclude that the plaintiff could by the exercise of ordinary care have avoided the consequences to himself of the negligence of the defendant, if the defendant was negligent, and you conclude that the plaintiff, under the circumstances and conditions stated, if they existed, as to all of which you determine, failed to exercise the care which the law required of him to avoid the consequences to himself of such negligence, the degree of care that the law required of him to protect himself against the negligence of the defendant, then the plaintiff is completely barred by his own conduct of the right to recover against the defendant here, and your verdict should be for the defendant. Now, gentlemen, if Duckett was guilty of negligence that was the sole cause of any injuries that these people may have received, the defendant would not be

responsible. If Duckett was guilty of negligence that contributed, along with the negligence of the defendant, if the defendant was guilty of negligence, to cause injury to these people, why then, gentlemen, the plaintiffs would not be barred by the right of recovery; they would only be barred of the right of recovery if the defendant was not guilty of any negligence, and Duckett's negligence was the sole cause of any injuries that they might have received."

1. "For the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent." Code of 1933, § 105-205. Accordingly, where a wife is merely accompanying her husband as a guest in an automobile driven by him, and a collision occurs, which might in part be attributable to the negligence of the husband as driver of the automobile, any such negligence on his part is not imputable to the wife. *Southern Ry. Co.* v. *King,* 128 *Ga.* 383 (57 S. E. 687, 11 L. R. A. 829, 119 Am. St. R. 390). While in such a case the doctrine of imputable negligence is not applicable so as to charge the wife as a guest with the husband's negligence, it is nevertheless the rule that every normal adult person shall exercise ordinary care for his or her safety under any and all circumstances. While the exercise of such care on the part of the guest does not ordinarily require supervision of the driver, the guest can not close his or her eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others; and if there is such a danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence under like circumstances, then it is the duty of the guest to do whatever in the opinion of the jury a person of ordinary prudence would or should have done under like circumstances. *Lazar* v. *Black & White Cab Co.,* 50 *Ga. App.* 567 (3) (179 S. E. 250) ; *Russell* v. *Bayne,* 45 *Ga. App.* 55, 56 (163 S. E. 290).

2. In the instant suit for damages by a wife, riding in an automobile as the guest of her husband, on account of injuries alleged to have been occasioned in a collision brought about by the negligence of the defendant, where the defendant, denying the negligence charged against him, sought to show by his testimony that

the collision was brought about by the negligence of the driver of the car in which the plaintiff was a guest, it was error, on timely written request, to refuse to give in charge the principle of law above stated, in order that the jury might determine whether or not, under the circumstances proved, the plaintiff was guilty of negligence amounting to a lack of ordinary care in failing to do whatever the jury might have found that she as a person of ordinary prudence was called upon to do under the circumstances attending the collision, so as to avoid injury either from the acts of the driver or from the acts of the defendant. While it is true that the charge in general terms stated that the law required the plaintiff to be in the exercise of ordinary care for her own safety, and referred to some of the principles stated in the request as contentions of the defendant, the rules enunciated in the foregoing paragraph were not included in the instructions. On the contrary, under a natural and ordinary interpretation of the charge given, the jury were permitted to consider any question pertaining to the plaintiff's own negligence only upon their having first found that the *negligence of the driver should be imputed to the plaintiff*. Moreover, under no construction of the charge could the acts and conduct of any person other than the driver have raised a duty on the plaintiff's part to have done any act for her own protection such as the exercise of ordinary care would have required; whereas, under the rule of law announced, acts not only of the driver but of the defendant might, under proper circumstances, raise a duty on the part of the guest to do whatever ordinary prudence would require for her own protection.

3. The evidence authorized but did not demand the verdict. None of the numerous other exceptions would authorize a reversal.

*Judgment reversed. Stephens and Sutton, JJ., concur.*