JONES v. BOYKIN, solicitor-general, et al.

No. 12016. MARCH 8, 1938.

*Tillou Von Nunes, Bond Almand,* and *G. Seals Aiken,* for plaintiff.

*Mitchell & Mitchell, Madison Richardson, Elijah A. Brown, Jr., Isaac M. Wengrow, Walter G. Cooper Jr.,* and *George B. Tidwell,* for defendants.

JENKINS, Justice. An act by the General Assembly, approved December 24, 1821 (Cobb's Digest, 460, sec. 42), provided as follows: "From and after the next election of judges of the superior courts of this State, that it shall be the duty of the said several ·judges to convene at the seat of government of this State once in each year, at such a time as they or a majority of them may appoint, for the purpose of establishing uniform rules of practice throughout the several circuits of the State, and it shall be the duty of the judges so convened to notify such of the judges who may be absent of such rules or alterations of rules as may be established as aforesaid." An act approved December 29, 1847 (Cobb's Digest, 461, sec. 46), provided as follows: "Whereas, by a law of this State, the judges of the superior courts are authorized to fix and establish rules of practice for all the superior and inferior courts of this State; and whereas a practice has grown up within a few years past of some of the circuit judges establishing rules without the assent and concurrence of their associates in office, thereby producing a want of uniformity in the practice, an evil which requires legislative remedy: Be it therefore enacted, that all rules of practice for the superior or inferior courts prescribed, or which may be prescribed, by any other authority than that which has by law been deputed to all the judges of the superior courts of Georgia in convention, be and the same are hereby declared to be null and inoperative." These provisions of law were in substance embodied in the present Code; and on December 4, 1936, when the rules in question, pertaining to certain educational qualifications for admission to the bar, were adopted by the convention of superior-court judges, the Code provided as follows: "The several judges of the superior courts may convene at the seat of government once in each year, at such time as they, or a majority of them, may appoint, for the purpose of establishing uniform rules of practice throughout the several circuits; which rules, so established, shall be published immediately after the adjournment of said convention." § 24-2628. "All rules of practice for the superior courts, prescribed by any other authority than that which has, by the preceding section, been deputed to all the judges of the superior courts in convention, shall be null and void and inoperative." § 24-2629.

By an act approved March 30, 1937 (Ga. L. 1937, p. 464), the

General Assembly repealed each of the Code sections quoted, and substituted in lieu of § 24-2628 the following: "Convention of Judges to Recommend Rules of Practice to the General Assembly of Georgia. The several judges of the superior courts may convene at the seat of government once each year, at such time as they, or a majority of them, may appoint, for the purpose of recommending to the General Assembly of Georgia the establishment of uniform rules of practice throughout the several circuits; which rules so recommended by the convention of judges shall not become operative and of force and effect until enacted into law by the General Assembly of Georgia." The Assembly further struck rules 7, 8, and 9, relating to educational qualifications for admission to the bar, which had been adopted by the convention of judges on December 4, 1936. In June, 1937, the petitioner made application to the judges of Fulton superior court to stand the bar examination. At a hearing the judges sustained objections on the ground that the petitioner had not complied with the rules adopted in 1936 by the judges in convention, requiring certain educational qualifications of the applicant. The petitioner excepted to this ruling.

1. Any and all rights, powers, and authority of judges of the superior courts to sit in convention and as a convention of judges to establish "uniform rules of practice throughout the several circuits" could be no greater than was conferred by the statute authorizing such a convention and defining its powers. Since rules governing the qualifications for admission to the bar in order to practice law in any court in this State as well as to render legal services out of court cannot properly be accounted as a rule of practice in the superior court, to the establishment of which the convention of judges is limited, the rules adopted by the convention of 1936, governing educational qualifications for admission to the bar, were invalid.

2. Even if such rules could be construed as rules of practice for the superior court, and therefore within the scope of the powers as defined by the General Assembly in providing for conventions of judges, any action by such a convention could not be taken or construed as orders of court passed by the respective superior courts the judges of which might or might not be present or who might or might not vote in favor of such rules. This necessary

construction is confirmed by the language of the act of the General Assembly approved December 4, 1821 (Cobb's Digest, 460), the substance of which is now codified as § 24-2628, conferring authority on such a convention, and authorizing it to act without the attendance of all of the judges. This construction is further confirmed by the language of the general law, which authorizes a majority of any such officers to act unless a contrary intent is declared. Code, § 102-102 (5). Accordingly, since the judges in convention were not authorized as superior courts to make rules or pass orders, but were authorized to act as a convention of judges, and since the convention of judges was a creature of statute, with authority no greater than was conferred by statute, it was within the power of the General Assembly to rescind and annul any action which the General Assembly might have previously authorized the convention to take.

3. The fact that at the time of the adoption of the constitution of 1877, which in paragraph 5, section 4, article 6 (Code, § 2-3205), in enumerating the powers of the superior courts, provided that they "shall have such other powers as are or may be conferred on them by law," there was then of force a statute authorizing judges of the superior courts in convention to prescribe rules of practice for the superior courts, could not under any construction be taken to operate as conferring constitutional power on a convention of superior-court judges, as distinguished from the powers of superior courts with which the paragraph was dealing; or even if it could be so construed, by virtue of the existing statute, it could not be taken as conferring on such a convention of judges powers other than that contained in the statute then of force, to wit, to make rules of practice for the superior courts.

4. No question is presented by the record as to whether the several superior courts, acting as courts, as distinguished from the legislative entity consisting of a convention of judges, might adopt such regulations in the exercise of the inherent authority of such constitutional courts, or whether, if such authority should exist, there rests the right and duty on the part of the legislature, under article 6, section 9, paragraph 1, of the constitution (Code, § 2-3701), to see that uniformity be established and maintained; and no ruling or intimation is made with reference to any such question.

.5. Under the rulings above stated, the educational requirements for admission to the bar, as prescribed by the convention of judges held on December 4, 1936, being inoperative, the court erred in refusing to allow the plaintiff the right to take the bar examination, on the ground that he had not complied with such rules.

*Judgment reversed. All the Justices concur.*