37288. EPPS *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *et al.*

CARLISLE, Judge. 1. While on general demurrer, a petition must be construed most strongly against the pleader and if any inferences unfavorable to the rights of the plaintiff may be fairly drawn therefrom, the general demurrer will be sustained, this rule ought not to be applied so as to reach a strained or unnatural construction of the words used and the facts alleged. *Toler* v. *Goodin,* 200 *Ga.* 527, 535 (37 S. E. 2d 609). Neither should this rule be so applied as to circumvent or override the broader and more salutary rule that questions of negligence, diligence, contributory negligence and of proximate cause of the injury, are ordinarily questions for the jury which the courts will decline to solve on demurrer except in plain, palpable and indisputable cases. *Parker* v. *Johnson,* 97 *Ga. App.* 261 (102 S. E. 2d 917). Under the foregoing rules of law, where certain conduct is alleged to be negligent and where it is alleged that such conduct was the proximate cause of the injury complained of, it is a jury question as to whether such conduct constitutes negligence and whether it was the proximate cause of the injury if reasonable minds might differ upon the question. *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2a) (57 S. E. 2d 18).

2. Accordingly, where the petition in the instant case alleged that the petitioner's car and the defendant's truck were traveling in the same direction on a stated highway and that the driver of the truck gave what is known as a left-hand signal by extending his left arm horizontally from the vehicle and then proceeded to make a right turn, that petitioner's daughter, who was driving his car, relying upon the hand signal so given, attempted to pass the truck on the right-hand side and collided on the right-hand edge of the paved portion of the highway

with the right rear fender of the defendant's truck, causing certain damage to the front of the plaintiff's automobile, and further alleged that the defendant driver was negligent in giving a left-turn signal and in thereafter instead of turning to the left, turning to the right, and that this negligence was the proximate cause of the plaintiff's injuries and damage, under the above stated rules of law, the petition was not subject to general demurrer, and the trial court erred in sustaining the general demurrer and in dismissing the petition. While the petition did not expressly allege that the plaintiff's automobile was being driven behind the defendant's truck, strict construction of the allegations of the petition does not require the conclusion that it was being driven in front of the defendant's truck. Neither does strict construction of the petition require the conclusion that it alleges that the plaintiff's automobile attempted to pass the defendant's truck after it had made a right turn and after the plaintiff was no longer entitled to rely upon the left-turn signal, which was alleged to have been given.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 26, 1958.

*R. Howard Gordon, Rupert A. Brown,* for plaintiff in error.
*Erwin, Nix, Birchmore & Epting, Nickolas P. Chilivis,* contra.