40283, 40285.   DOWIS v. McCURDY  (two cases).

DECIDED APRIL 2, 1964.

*Powell, Goldstein, Frazer & Murphy, Warner R. Wilson, Jr., Frank Love, Jr.,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt,* contra.

NICHOLS, Presiding Judge. ■ The grant or refusal of a continuance or postponement of a case is ordinarily within the discretion of the trial court, and the authority of this court is limited to a decision of whether that discretion was abused. In such event the plaintiff in error must allege and show not only that an abuse of discretion occurred but that it resulted in injury to him, since error, to be reversible, must be harmful. An assignment of error which fails to allege that the failure to grant a continuance was injurious is insufficient for consideration. *Aiken v. Richardson,* 85 Ga. App. 180 (3) (68 SE2d 228); *Jones v. State,* 214 Ga.

828 (108 SE2d 327). It appears from the first special ground of the motion for new trial that defendants' counsel had instructed the defendants that he would call them when their presence in court was needed; that due to the settlement of two cases on the calendar immediately preceding theirs this case was called unexpectedly for trial; that counsel requested time to notify the defendants but the court refused to wait more than fifteen minutes, and that when the defendants arrived the jury had been selected for the trial of the case. It is contended that this action on the part of the court deprived the defendants of their right to consult with counsel in the striking and selection of the jury, but there is no averment that had they been present any changes in the jury as selected would have been made.

It does not appear that counsel's action in excusing his clients from their presence in court until called was done by direction of or with the approval of the court. If that had been the circumstances we have no doubt that the court might have felt that indulgence of further delay would have been appropriate. But counsel must know that the operation of the court in a regular and expeditious manner cannot be interfered with by his independent, unilateral decision as to whether a client should remain in court and await the call of his case. When he does that he, and consequently his client, assumes the risk of the unexpected and early reaching or call of the case by reason of a settlement, dismissal or rapid disposition of cases ahead of it on the calendar, etc. Diligence, both of counsel and of parties litigant, is necessary if courts are to function in an orderly and proper manner. Vigilantibus et non dormientibus jura subveniunt.

■ The excerpt from the court's instruction to the jury excepted to in special ground 5 concluded a charge on expert testimony with the words, "You are not bound or concluded by the testimony of any witness, *expert or otherwise.*" This charge was taken verbatim from that approved in *Georgia Power Co. v. Chapman,* 46 Ga. App. 582, 584 (168 SE 131) and *Parks v. Fuller,* 100 Ga. App. 463, 475 (111 SE2d 755). Judge Jenkins, in the former case, construed the language as an instruction that the jury were not bound to accept the testimony of any particular witness but not as amounting to an instruction that the testimony of all the witnesses might be disregarded. We accede hesitantly

to this interpretation in the face of precedent, but feel the instruction would be on much sounder footing if the charge were reworded so as to make it applicable to opinion testimony only. See *Western &c. R. Co. v. Beason,* 112 Ga. 553 (37 SE 863); *Holton v. Mercer,* 195 Ga. 47 (23 SE2d 166); *Myers v. Phillips,* 197 Ga. 536 (29 SE2d 700).

█ A dissent having developed after the filing of the motion to rehear in this case as originally written, special ground 6 of the amended motion for new trial and the law relating thereto have been re-evaluated by all three divisions of this court. In this special ground the defendants except to the italicized portion of the following excerpt from the court's charge: "The law provides that if the plaintiff recovers in either case he or she must recover upon some one or more of the allegations of negligence or negligence per se which the court instructed you to consider. Plaintiff, however, in order to recover is not required to prove every allegation of negligence which you are authorized to consider. If the plaintiff in either case proves by the evidence that the defendant committed one or more of the allegations of negligence set out in said case this *would be sufficient in so far as the proof of negligence is concerned.*"

An instruction that proof of any of the allegations of negligence "would be sufficient in so far as the proof of negligence is concerned" is not so misleading or confusing to the jury in this case as to justify the granting of a new trial. Such instruction, without more, is perhaps not as explicit as it could be, and it might have been better understood by the jury had the trial court added the words *in the way and manner therein alleged* so that such excerpt of the charge would read that proof of any of the allegations of negligence *in the way and manner therein alleged would be sufficient in so far as the proof of negligence is concerned.* Such charge then would clearly have been good; not misleading nor subject to the criticism lodged against it to the effect that it erroneously eliminated the necessity for the jury to determine, not only that the alleged act or acts of negligence were committed, but also that they or it were negligently committed.

We do not agree, however, that the court erred or that the jury was confused or misled by the court's failure to use such suggested additional words. If the jury found by a preponderance

of the evidence that the defendants *committed any one or more of the alleged acts of negligence* (whether such specifications of negligence be ordinary negligence or negligence per se) *in the way and manner alleged in the plaintiff's petition* that necessarily and indubitably meant that the act or acts were negligently committed for the reason that in the specifications of negligence charged against the defendants the way and manner in which the defendants are charged with having been negligent is particularized and spelled out. The specifications of negligence alleged in the plaintiff's petition are as follows:

"(a)   Because the said Mrs. Ferd Dowis failed to keep a sharp and vigilant lookout ahead;

"(b)   Because the said Mrs. Ferd Dowis did not keep and have her husband's said Chevrolet automobile under her direct and immediate control; ·

"(c)   Because the said Mrs. Ferd Dowis failed to have and keep the speed of said automobile under the proper control, and have the same under control necessary to avoid colliding with your petitioner, in violation of the laws of Georgia as embodied in Georgia Annotated Code Section 68-1626, subsection (a) thereof, which was negligence per se;

"(d)   Because the said Mrs. Ferd Dowis failed to drive the said Chevrolet automobile at a speed and in a manner that was reasonable and prudent under the existing and apparent conditions, and taking into account the provisions of the laws of the State of Georgia, as embodied in Georgia Annotated Code Section 68-1626, subsection (a) thereof, which was negligence per se;

"(e)   Because the said Mrs. Ferd Dowis did follow the said Chevrolet automobile which your petitioner was driving more closely than was prudent and reasonable, having due regard for the speed of such vehicles and the traffic upon and conditions of said highway, in violation of the laws of the State of Georgia, as embodied in Georgia Code Annotated, Section 68-1641, subsection (a) thereof, which is negligence per se.".

Proof that the defendants had committed any one or more of the above quoted specifications of negligence, in the way and manner charged against them in the particular specification then *would be sufficient in so far as the proof of negligence is concerned* because in each specification of negligence the defendants

are charged with the failure to exercise due care under the conditions and circumstances prevailing at the time which is, in fact, ordinary negligence.

There were no specifications of negligence per se here except those provided by *Code Ann.* §§ 68-1626 (a) and 68-1641 (a), and while a violation of either of these sections has been called negligence per se, before a negligent act can be found to be negligence per se a finding of ordinary negligence must in reality first be made. *Strickland v. Whatley,* 142 Ga. 802 (1) (83 SE 856); *Teague v. Keith,* 214 Ga. 853 (6) (108 SE2d 489); *Grayson v. Yarbrough,* 103 Ga. App. 243, 247 (119 SE2d 41). What the Supreme Court actually held in *Strickland v. Whatley* and *Teague v. Keith,* supra, was that the General Assembly had made ordinary negligence negligence as a matter of law, and the Supreme Court, as well as this court has since, of necessity, adhered to and followed this ruling.

It would be far less complicated and certainly much easier understood, from the jury's point of view, if all distinctions and differentiations were eliminated once and for all time where the negligence per se is based upon ordinary negligence, and thereby making the specifications of negligence, as set out in the pleadings, the sole standard by which the proof is measured in determining whether or not such negligence has been established. Where, as in this case, one of the specifications of negligence was that the defendant's automobile was following the vehicle which plaintiff was driving more closely than was prudent and reasonable, having due regard for the speed of the vehicles and the traffic and conditions upon the highway, etc., and the proof showed such to be the case, then, the defendant's negligence as to this particular specification of negligence has been established. Another example would be where the specification of negligence was based solely upon ordinary negligence and the proof showed such to be the case, then, again, the negligence as to this specification would have been established. However, if one of the specifications of negligence be that the defendant was operating his motor vehicle in excess of the lawful rate of speed, a definite act that is prohibited by law and negligence per se, the above rules would not apply, and it would only be necessary to prove

a violation of the statute without having to further determine if such violation constituted negligence.

In each of the three above examples it is always a question for the jury to determine whether the specification of negligence has been proved;—if proved to the jury's satisfaction, then the next step is for the jury to determine whether such negligence was the proximate cause of the injuries sustained. Also in each of the above examples when and if the jury determines that the specification of negligence has been proved, whether it be an act which is prohibited by law (negligence per se), or an allegation charging the failure to use due care (ordinary negligence), they stand on the same footing—there is no legal difference between ordinary negligence and negligence per se. And where, as was done in this case, the court clearly instructed the jury as to both ordinary negligence and negligence per se; defined negligence in the case as the failure to exercise ordinary diligence, and stated that it was a question for the jury to determine whether or not the defendant was negligent, and whether the negligence, if any, proximately caused the injury, the charge as a whole authorized no recovery for the plaintiff until after a determination by the jury that the defendants were in fact negligent in at least one of the ways charged in the particular specification of negligence.

The rule stated by the Supreme Court in *Alabama Midland R. Co. v. Guilford,* 114 Ga. 627 (40 SE 794) is distinguishable from this case as was the case of *Atlantic C. L. R. Co. v. Moore,* 8 Ga. App. 185 (68 SE 875) because in this case there was no allegation of negligence that would not authorize a recovery if proved.

In *Central R. & Bkg. Co. v. Neighbors,* 83 Ga. 444 (1) (10 SE 115) in answer to a smiliar complaint the Supreme Court held: "A charge that if plaintiff was directed by the yard-conductor to go in and make a coupling, and signalled the engineer to stop, and the engineer stopped, and plaintiff, in the exercise of ordinary care and diligence to avoid the injury, was proceeding to shift a coupling-pin from a lower to a higher bumper in order to make the coupling, and the engineer, without notice to him and negligently, came back, and plaintiff's hand was caught and injured, he would be entitled to recover,—was not an expression of opinion as to what acts of defendant would constitute negli-

gence . . . as they [jury] were afterwards instructed that if the engineer was not negligent in pushing the cars back, plaintiff could not recover."

While ordinarily it is error for the trial judge to tell the jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligence, *Davis v. Whitcomb,* 30 Ga. App. 497, 498 (4) (118 SE 488), *Watson v. Riggs,* 79 Ga. App. 784 (4) (54 SE2d 323), *Campbell v. Eubanks,* 107 Ga. App. 527 (130 SE2d 832), *Louisville &c. R. Co. v. Biggs,* 141 Ga. 562 (81 SE 900), on the other hand, it is proper for the court to charge the jury on the principle that a plaintiff in a negligence action is entitled to recover upon proof of any one or more of the grounds of negligence stated in the petition. In *Mayor &c. of Gainesville v. Hanes,* 22 Ga. App. 589 (1), 592 (96 SE 349), a charge "I charge you that it is not necessary, in order to give the plaintiff the right to recover, that all of the grounds of negligence set out in the petition be proved—it would be sufficient for that purpose if any one or more of the *grounds of negligence* set out in the petition be sustained by the evidence," (emphasis ours) was excepted to on the grounds that the charge was "erroneous because it withdrew from the consideration of the jury 'what is and what is not negligence, and instructed them that each allegation of the allegations in the petition stated negligence.'" This court in holding that the charge was not erroneous for the reasons assigned, said: "When considered in connection with the whole charge, we do not think the jury could have put this construction upon it. The court was guarding the jury against basing a verdict on any negligence not alleged, and the charge, properly construed, was not that the jury could base a verdict on any act or omission of the city that was alleged, but that a verdict for the plaintiff could be based only on one or more of the acts alleged to be negligence, and shown to be such by the evidence."

While it has many times been held "It is error for the court to instruct the jury that certain acts alleged as common-law negligence constitute such negligence, instead of leaving to the jury the determination of whether such facts do or do not constitute negligence. *Watson v. Riggs,* 79 Ga. App. 784 (54 SE2d 323); *Johnson v. Wofford Oil Co.,* 42 Ga. App. 647 (157 SE 349).

It is, however, proper to charge that the jury should determine whether the plaintiff, in the circumstances, was lacking in ordinary care in failing to do whatever the jury might find that he, as a person of ordinary prudence, was called on to do in the exercise of that degree of care to avoid injury. *Randall Brothers v. Duckett,* 53 Ga. App. 250 (185 SE 394). It does not appear here that the judge instructed the jury that any particular act or omission on the plaintiff's part would constitute negligence, but rather he left it to the jury to determine this fact." *Wade v. Roberts,* 89 Ga. App. 607, 609 (80 SE2d 728). In the present case the judge was charging quantitatively: that is, how many allegations of negligence must be proved before there could be a recovery. He pointed out the several allegations of lack of care and the difference between them—some in violation of statute, others not. Then he said plaintiff was "not required to prove *every* allegation of negligence which you are authorized to consider. If [he] proves the defendant committed *one or more* of the allegations of negligence, this would be sufficient so far as proof of negligence is concerned." It is our opinion that this charge falls within the ruling of *Mayor &c. of Gainesville v. Hanes,* 22 Ga. App. 589, supra, and *Central R. & Bkg. Co. v. Neighbors,* 83 Ga. 444, supra.

No harmful error was shown by this excerpt from the court's charge.

■ "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence." *Troy v. Wright Body Works, Inc.,* 109 Ga. App. 346 (136 SE2d 197), and cases cited. Suffice it to say there was sufficient evidence to authorize the verdict and the trial court did not err in overruling defendant's motion for new trial.

*Judgment affirmed. Felton, C. J., Frankum, Russell and Pannell, JJ., concur. Bell, P. J., Jordan, Hall and Eberhardt, JJ., dissent.*

EBERHARDT, Judge, dissenting. (a) As is indicated in the opinion the court has been in much travail relative to the holding in the third division. Because of shifting views of the court the main opinion has now been written, at various stages, by three judges. Except for this one problem the court has been and is in unanimous agreement, and there has been no change

in our views save as to that. A reading of the third division discloses that the majority recognize that the charge excepted to is not a good or proper one. They have, it seems to us, simply concluded that the error was not harmful, and that is the real issue which divides the court. We all recognize that a party is not entitled to and rarely gets a *perfect* trial; the best that the human instrumentality of a court can afford in most cases is a *fair* trial. Thus, there are "harmless errors" and we recognize it in many of the cases that come to us for decision. E.g., *Ealy v. Tolbert,* 210 Ga. 96 (3) (78 SE2d 26); *McCall v. State,* 87 Ga. App. 185 (4) (73 SE2d 245); *Payne v. Norris,* 88 Ga. App. 850, 853 (2) (78 SE2d 351).

Since the establishment of this court there has been an unseemly proportion of the cases decided upon what are alleged to be imperfections in the charge, and the trend is ever on the increase. The ingenuity of counsel in pointing out or demonstrating imperfections once the verdict is returned seems to be without limit. All too often we are compelled, by precedent if not otherwise, to reverse, knowing from our experience at the bar that the error really had but the remotest of possibility in affecting the verdict. As often as not this happens when no other error is found to have been committed in what may have been a long, expensive process of settling the issue—a duplication of which must occur! Court dockets become crowded and taxes rise. Is this conducive to the promotion of the ideals of justice? Or is it a part of "the law's delay" about which the business community so often complains and from which it turns to arbitration or some other substitute for the courts? From the very beginning of this court we have been aware of that problem, as is attested by the statement in *Cavender v. Atkins,* 2 Ga. App. 173, 174 (58 SE 332) that " 'The law's delay' is one of the most serious impediments in the administration of substantial justice in the courts. We do not mean to say that in any case there should be unseemly, undue, or unjust haste; but hope deferred makes the heart sick, and many a case is killed by continuance."

Much of this problem was apparently solved when the superior court judges in December, 1936, in convention assembled and

pursuant to what they believed to be the authority inherent in the courts or by virtue of apparent statutory authority under the Act of 1821 (Cobb's Dig., p. 460, § 42; amended in 1937 to limit their authority to the making of recommendations to the General Assembly, and now appearing as *Code Ann.* § 24-2628)[1] to make rules of practice for the trial of cases therein, adopted Rule 67: "All exceptions to the charge of the court or failure to charge shall be called to the attention of the trial judge before the jury renders its verdict. While a new trial may be granted on a material point, a new trial shall not be granted for an erroneous charge against the applicant except in the discretion of the judge hearing the motion where the exception was not noted until after rendition of the verdict." Failure to except simply resulted in a waiver of any error. Even a wayfaring man should recognize the wisdom and justice of the rule; *if no error is observed in the charge by trained and astute counsel is it likely that the untrained lay juror will be influenced by it?* The suggestion may have originated in *Bailey & Co. v. Ogden,* 75 Ga. 874 (4), where it was pointed out that a portion of the charge contended to have been erroneous, "if error at all, might have been corrected on the spot by a request from plaintiffs' counsel to make it fuller. He was present, and if he desired more specific instructions, he should have asked for them." Moreover, it is the duty of counsel "to assist the judge in clarify-

---

[1]Apparently the Superior Court judges have made no further effort, even in the form of a recommendation to the General Assembly. The Judicial Council was created in 1945 (Ga. L. 1945, p. 155, *Code Ann.* § 81-1601, et seq.) "authorized to recommend for adoption by the Supreme Court or the Justices thereof rules of practice and procedure in trial and appellate Courts of this State," and there was recognition of the power in the Supreme Court "to prescribe, modify, and repeal rules of procedure and pleading and practice in civil actions and civil proceedings of all kinds . . . and of practice and procedure for appeal or review in all cases, civil and criminal" (Ga. L. 1945, p. 145; *Code Ann.* § 81-1501, et seq.), but no rule, repeal or modification is effective "until they shall have been ratified and confirmed by the General Assembly," which may be done by Act or Resolution.

ing and simplifying the issues which should be submitted to the jury," *Anderson v. State,* 196 Ga. 468, 471 (26 SE2d 755), and in "determining what issues should be submitted to the jury." *Arrington v. Thompson,* 211 Ga. 734, 739 (88 SE2d 402). The rule is in harmony with that duty and should result in no greater burden on counsel than does the requirement that objection to evidence be made at the time the evidence is offered. *Clackler v. Barnwell,* 83 Ga. App. 515, 518 (64 SE2d 384). But it was short-lived.[2] The General Assembly in the following year (Ga. L. 1937, p. 592, now *Code Ann.* §§ 70-310, 70-311) declared the rule to be "null and void and of no effect" and that exception might be made in the motion for new trial, or amendment thereto, without having directed the attention of the court to it before verdict. If there was any doubt as to whether this Act had accomplished its purpose it was removed by the decisions of the Supreme Court in *Jones v. Boykin,* 185 Ga. 606 (196 SE 900) and *Moyers v. State,* 186 Ga. 446 (3) (197 SE 846, 116 ALR 981) holding that the adoption of the rule could not be classified as an exercise of the judicial power, though these cases are somewhat difficult to reconcile with the earlier case of *Holliman v. State,* 175 Ga. 232 (165 SE 11), or with the recent case of *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32). We *must,* as matters stand, assume that the jury was influenced by the error. If the courts do not have the power to prescribe this rule of practice, it would seem appropriate for the bench, the bar and the legislature to reappraise the situation in the light of the experience of other jurisdictions, State and Federal, where the rule has been in force up to a quarter of a century. The ruling of the majority here is but a method of giving effect to the outlawed rule in selected instances.

Until the rule of 1936, or one effecting the same result, is restored or precedents of long standing that have binding effect are overturned, we have no alternative but to recognize and give effect to what may seem to be a technical dissection of the charge, weighing and measuring it against the criticisms of the assignments of error in the light of the precedents, for, as Judge Powell said in *Cole v. State,* 2 Ga. App. 734, 735 (59 SE 24), "Judges

---

[2]See 7 E. G. L., Court Rules, § 7.

have to declare the law as they find it to be, and not as they personally wish it to be."

(b) Having said that, so our position here may not be misunderstood, we move to a consideration of the point at issue. That it is proper to charge that a plaintiff's right to recover is restricted to the grounds of negligence alleged in the petition is recognized by all. *Owens v. Nichols,* 139 Ga. 475 (4) (77 SE 635). But where acts are alleged as ordinary negligence the jury has the duty of deciding not only whether the act was committed, but also, if committed whether it was done (or omitted) in a manner making it negligence and whether it was the proximate cause of the plaintiff's injury. *Epps v. Southern Bell Tel. &c. Co.,* 98 Ga. App. 252 (1) (105 SE2d 361).

Here the court charged that proof of any of the allegations of negligence "would be sufficient insofar as the proof of negligence is concerned." As it applies to acts prohibited by law and thus negligence per se this charge is ordinarily correct,[3] but when applied to allegations of ordinary or common law negligence it is error, for the juror in applying it may well conclude that he has only to determine whether the act alleged was committed.

---

[3]An easy example of this is an allegation that the defendant was driving his vehicle in excess of 60 miles per hour, in violation of *Code Ann.* § 68-1626(b2). Simply exceeding 60 miles per hour is negligence, and it is dependent upon no other factor or finding. There are, however, instances when the jury must perform the additional duty even as to allegations of negligence per se. For example, the allegations in the petition here of a failure of the defendant to operate his vehicle at a speed and in a manner that was reasonable and prudent under the existing and apparent conditions and taking into account the potential hazards then existing, in violation of *Code Ann.* § 68-1626(a), and of his following the vehicle in which plaintiff was riding more closely than was prudent, having due regard for the speed of the vehicles and the traffic and conditions upon the highway, in violation of *Code Ann.* § 68-1641(a), since, in order to find these or similar violations to be negligence per se a finding of common law negligence must first be made. *Grayson v. Yarbrough,* 103 Ga. App. 243, 247 (2) (119 SE2d 41).

It is because of this very thing that both this court and the Supreme Court have many times asserted it to be error, requiring a new trial, for a court to charge that certain acts or omissions constitute negligence when they are not made so by statute, or to charge that if these acts or omissions were proven to the satisfaction of the jury they could be found to be negligence. *Savannah, F. &c. R. Co. v. Evans*, 115 Ga. 315 (41 SE 631, 90 ASR 116); *Atlanta &c. R. Co. v. Hudson*, 123 Ga. 108 (51 SE 29); *Elberton &c. R. Co. v. Thornton*, 32 Ga. App. 259 (1) (122 SE 795); *Watson v. Riggs*, 79 Ga. App. 784 (54 SE2d 323); *Campbell v. Eubanks*, 107 Ga. App. 527 (130 SE2d 832); *Etheridge Motors, Inc. v. Haynie*, 107 Ga. App. 674 (1) (131 SE2d 212); *Northern Freight Lines v. Southern R. Co.*, 108 Ga. App. 189 (1, 3) (132 SE2d 541).

Even when the petition is held good as against a general demurrer, "it is error for the judge, in a suit for damages based on the negligence of the defendant, to charge that if the defendant's failure to do its duty *'was in accordance with the allegations of the plaintiff's petition,* then that would be negligence, as he charges in this case.'" (Emphasis added). *City of Rome v. Sudduth*, 121 Ga. 420 (4) (49 SE 300). To the same effect see *Augusta R. &c. Co. v. Weekly*, 124 Ga. 384, 386 (52 SE 444). The majority here gives great emphasis to the considering of the charge as a whole and to other portions of it relied upon to relieve the error. But the Supreme Court considered the whole charge in *Sudduth* too, where just ahead of the portion excepted to the court had charged:[4] "Now gentlemen before the plaintiff can recover at all in this case, he must prove the facts as he alleges them, that is, he must prove that the facts were as set up in his petition, and you must find that those facts, from the evidence, gentlemen, constituted negligence on the part of the City of Rome, because I charge you that the plaintiff cannot recover in this case except upon the negligence of the defendant, and that negligence must consist in the facts which he sets up in his petition and alleges against the city. . . . If you find the facts as charged true, and if you find that these facts constituted negligence on the part of the City of Rome, and that he

---

[4]From the record in the Supreme Court.

was injured by reason of that negligence on the part of the city, and if you find that by the exercise of ordinary care on his part he could not have avoided the consequences of the defendant's negligence, he would be entitled to recover." In *Sudduth* the plaintiff alleged that the city had failed to maintain its street in a reasonably safe condition for travel by allowing two large rocks to be placed in it, as a result of which he had suffered injuries. There was only one specification of negligence. By any standard the charge in that case, considered as a whole or otherwise, was less likely to leave the jury with the impression that proof of the mere *commission of the act* alleged would authorize a recovery.

A charge that "If you find that the plaintiff in this case *received the insults alleged in her petition,* and if you find this from the preponderance of the weight of the evidence in the case, and if you find that this language used to her was insulting, used as it was under the circumstances that it was, then it would be your duty to find a verdict in favor of this plaintiff" (Emphasis supplied) was held error in *Atlantic C. L. R. Co. v. Mead,* 18 Ga. App. 621, 622 (90 SE 87), because "[t]he expression, 'if you find that the plaintiff in this case received the insults alleged in her petition' intimated an opinion on the facts in the case, in that it intimated an opinion that the language used by the ticket-agent to the plaintiff was insulting; which was an issue for the jury to determine"—and this in spite of the condition in the same sentence, "if you find that this language used to her was insulting."

A charge that "Mrs. Riggs has alleged that the driver failed to give any warning of his approach and failed to turn his truck in order to avoid striking the child, and that he failed to keep a proper lookout and that he failed to bring the truck to a stop in order to avoid striking the child; she also alleges against Watson and Williams, among other things, they negligently failed to properly inspect the truck in order to determine the condition of the brakes and horn. All of these are allegations of simple negligence. *If proven to your satisfaction,* they may constitute just as much a breach of duty and form just as well a foundation for recovery as would a violation of some particular law. All of this is, of course, subject to the condition that such alleged breach is the approximate cause of the loss and is subject to the other rules of law I am giving you in charge," was held error in *Watson v.*

*Riggs,* 79 Ga. App. 784 (4), supra, because, as the court asserted, "the petition in this case alleged that the things stated by the court to have been alleged were *negligently* done. The court did not include this term in stating what was alleged. In stating that what the court said was alleged were allegations of simple negligence amounted to an expression of opinion that the acts stated to have been alleged amounted to simple negligence. *The charge also expressed the opinion that, if the acts stated by the court to have been alleged were proved to the satisfaction of the jury, they could be found to be simple negligence and basis for a cause of action whether they were negligently done or not."* (Emphasis supplied). For other cases presenting similar situations in which the charge was held to be error, see *Brunswick &c. R. Co. v. Gibson,* 97 Ga. 489, 499 (3) (25 SE 484); *Atlanta, K. &c. R. Co. v. Bryant,* 110 Ga. 247 (2) (34 SE 350); *Mayor &c. of Milledgeville v. Wood,* 114 Ga. 370 (40 SE 239); *Central of Ga. R. Co. v. McKenney,* 116 Ga. 13, 17 (42 SE 229); *Atlanta &c. R. Co. v. McManus,* 1 Ga. App. 302, 309 (58 SE 258); *Western &c. R. v. Mansfield,* 98 Ga. App. 421, 424 (105 SE2d 804).

The mere defining of common or ordinary negligence and of negligence per se with an instruction that it was a question of fact for the jury to determine whether the defendant was guilty of negligence does not relieve the error, as it did not in *Sudduth,* in *Watson,* and in others of the cases cited. The jury should have been instructed as to their *full duty* in connection with the allegations of ordinary negligence and the allegations of negligence per se which was of the type requiring a finding of ordinary negligence as a part of it, that is to say, that they must have found not only that the act or acts alleged were committed, but that they were committed (or omitted) in a manner making it or them negligence and that the negligence was the proximate cause of the plaintiff's injury.

"We should not assume that the jury paid no attention to some portions of the charge; but on the contrary the presumption is that the jury pays attention to and correctly applies all of the charge." *Stanley v. Squadrito,* 107 Ga. App. 651, 658 (131 SE2d 227). Consequently, it must follow here that the jury did conclude that if any one or more of the acts of negligence charged, including the acts of common law or ordinary negligence

as well as those of negligence per se, were proved *to have been committed*—whether negligently done or not—plaintiff's right to recover was established.

The esoteric conclusion of the majority that "no harmful error was shown by this excerpt of the court's charge" is not justified under the rule of practice as it now stands and the well settled principle that what is or is not negligence must be determined by the jury. Here the court has determined that the acts charged were negligence and leaves to the jury only the matter of whether they were committed. The charge having misled the jury into an assumption that if the evidence disclosed that any of the acts charged had been committed the liability of the defendant was established, *Smith v. Overby*, 30 Ga. 241 (1), and having thus had the effect of withdrawing from the jury the very material determination as to whether the act or acts, if committed, were done in a manner making them negligent—a determination that was a vital part of the jury's duty, *Wylly v. Gazan*, 69 Ga. 506 (3), the error was harmful and a new trial should be awarded.

A simple reading of the cases cited in this dissent leads to the conclusion that there is an avoidance of them by the majority without the acceptance of responsibility—a cavalier technique. See, Llewellyn, The Common Law Tradition: Deciding Appeals, pp. 84, 85.

I am authorized to say that Bell, P. J., Jordan and Hall, JJ. concur in this dissent, and that all of the judges concur in what is said in Division (a) relative to the wisdom of and need for a reinstatement of the rule of 1936, or its equivalent.