### SHELTON, administrator, *v.* EDENFIELD.

1. The criterion for determining whether an instrument is a deed or a will is, whether it is to take effect immediately upon its execution and delivery, or after the death of the maker. Where an instrument was executed in the form of a fee-simple warranty deed, but after the description of the land it was recited that the grantor was "to have and control the sale of the land during her natural life, thence" to the named grantee, such instrument is a deed vesting title immediately in the grantee, and is not testamentary in character.

2. Where an instrument of. writing was executed as a deed, was attested by two witnesses one of whom was an officer authorized to witness deeds, purported on its face to have been delivered, and was recorded, this raised a presumption of delivery; but this presumption is not conclusive, and as between the parties to the instrument it may be rebutted.

3. In a suit to recover land and to cancel a deed as a cloud upon the plaintiff's title, the burden is upon the plaintiff to make out such case as entitles him to the relief sought; and he failing to carry such burden, it is not error to award a nonsuit.

No. 612. MAY 16, 1918.

Equitable petition. Before Judge Summerall. Coffee superior court. September 5, 1917.

The plaintiff, as the administrator of the estate of Lucretia S. Edenfield, filed a petition against Jesse S. Edenfield, alleging that the plaintiff was the true and lawful owner of a described 100 acres of land, and that the defendant was claiming title thereto under a deed purporting to have been executed by the plaintiff's intestate, who was the wife of the defendant. The plaintiff attacked the validity of this deed, on the ground that the grantor was mentally incapable of making a deed at the time of its execution, and because it was obtained from her by force, fraud, and duress. It was sought to have the deed canceled, and to have a writ of possession issued against the defendant. By an amendment the plaintiff further attacked the instrument as being invalid as a conveyance of title, on the grounds: (1) That it was testamentary in character, and was not legally executed as a will. (2) That it represented a transaction between husband and wife; and not having been authorized by an order of the judge of the superior court of the wife's domicile, it was void. (3) That it had never been delivered to the grantee. The defendant denied the material allegations of the petition, except that he admitted claiming title to the land under the instrument in question. Upon the trial the writing attacked was introduced in evidence. It was witnessed by two persons, one of whom was an officer authorized to witness deeds, and was recorded. It recited a consideration of $500, and was in the form of a warranty deed without condition or limitation, except that immediately following the description of the land it contained the following clause: "the said Lucretia S. Edenfield to have and control the sale of said land during her natural life, thence the said Jesse S. Edenfield." No evidence was offered to support the charges in the original petition relating to mental incapacity of the grantor and alleged fraud and duress practiced upon her. The nature of the evidence with respect to the issues raised by the amendment is sufficiently brought out in the opinion, infra. At the conclusion of the plaintiff's evidence, the court, upon motion of the defendant, awarded a nonsuit, and the plaintiff excepted.

*Lankford & Moore*, for plaintiff.

*W. W. Bennett* and *Chastain & Henson*, for defendant.

HILL, J. (After stating the foregoing facts.)

1. The instrument involved in the present controversy was executed in the form of a regular warranty deed in fee simple, with the exception that it contained the following language after the description of the land: "the said Lucretia S. Edenfield to have and control the sale of the land during her natural life, thence the said Jesse S. Edenfield." It is argued that this clause not only reserves in Mrs. Edenfield the use of the land, but also the right to sell it during her lifetime, and that therefore the instrument did not pass the title eo instanti it was executed, and that it is testamentary in character, and, having only two witnesses, is void as a will. Whether an instrument is a deed or a will depends on the intention of the maker as to the character of the estate and the time when the instrument is to take effect, to be determined by its own terms. *Spalding* v. *Grigg,* 4 *Ga.* 75; *Jackson* v. *Culpepper,* 3 *Ga.* 569; *Daniel* v. *Veal,* 32 *Ga.* 589; *Robinson* v. *Schly,* 6 *Ga.* 515 (8); 4 Mich. Dig. Ga. R. 262B, and cases there cited. It is also argued that the language, "to have and control the sale of the land during" the life of the grantor, is repugnant to the idea of the vesting of the title in the grantee, and that its effect is to reserve in the grantor the right to revoke the instrument before her death. If the terms of the instrument, properly executed as a deed, clearly indicate an intention on the part of the maker to pass the title immediately upon its execution and delivery, it is a deed, although the enjoyment of the property conveyed may be postponed until the death of the grantor. *Daniel* v. *Veal,* 32 *Ga.* 589; *Hamilton* v. *Cargile,* 127 *Ga.* 762 (3) (56 S. E. 1022); *Collier* v. *Carter,* 146 *Ga.* 476 (91 S. E. 551). The real question, therefore, is whether the title is to vest immediately upon the execution and delivery of the instrument, or at the death of the maker. *White* v. *Hopkins,* 80 *Ga.* 154 (1), 159 (4 S. E. 863). The instrument involved in the present case is in form a warranty deed, and attested as such; and there is nothing in the language contained therein to negative the idea that it was intended to take effect immediately upon its execution and delivery, unless the clause following the description of the land, wherein it is recited that the grantor is "to have and control the sale of the land during her natural life, thence" to the grantee, is construed to have this effect. This language we construe only as an attempt on the part of the

grantor to restrict the sale of the land by the grantee during the life of the grantor, and to reserve the power and control over any sale in herself, and not as intended to prevent the vesting of title in the grantee in accordance with the plain terms elsewhere expressed in the writing. We therefore construe the instrument as being a deed, and not testamentary in character.

2. Error is assigned because during the trial the court ruled that the evidence introduced showed a delivery of the instrument to the defendant. The instrument itself, which was offered in evidence by the plaintiff, showed that it was properly executed and witnessed as a deed. One of the two witnesses was an officer who had authority to witness deeds. The fact that the deed was exe-- cuted July 23, 1914, and was attested by an officer authorized to do so, and purported on its face to have been delivered, and was recorded February 3, 1915, raises a presumption of delivery to the grantee. *Ross* v. *Campbell,* 73 *Ga.* 309; *Bourquin* v. *Bourquin,* 110 *Ga.* 440, 446 (35 S. E. 710). This presumption is not conclusive, and as between the parties to the instrument it may be rebutted. *Wellborn* v. *Weaver,* 17 *Ga.* 267 (63 Am. D. 235); 4 Mich. Dig. Ga. R. 290 (4). There was no evidence to rebut it here.

3. The deed sought to be canceled recited a consideration of $500. It is insisted, therefore, that it was void, not having been authorized by an order of the judge of the superior court of the domicile of the wife. The plaintiff alleged that the deed was not authorized by such an order; but the evidence upon this question was negative, the proof merely showing that the scrivener of the deed saw no such order, and did not know whether such order had in fact been granted. The husband was in possession under the deed, and the evidence tended to show that the deed was in fact a deed of gift, and not of bargain and sale. But conceding that this issue, under the evidence, was a matter for the jury, the burden of proof was upon the plaintiff to establish the material allegations of his petition. The negative evidence to the effect that the scrivener did not see and did not know of an order from the judge of the superior court, authorizing the wife to sell the land to the husband, was insufficient to establish the fact that no such order had been granted or existed, and to require the submission of that issue to the jury. The plaintiff's case fell in either one of two instances: first, if the deed was one of gift; second, if it was a

valid deed of bargain and sale. Had he shown affirmatively that as a deed of bargain and sale it was never authorized by the judge of the superior court, and was therefore invalid, under the evidence it would have been a matter for the jury to say whether it was nevertheless a deed of gift and therefore valid. But conceding the transaction to have been one of a sale by the wife to the husband, the plaintiff failed to make a case unless he proved his allegation that such transaction was in fact unauthorized. As to whether there had been granted an order of the judge of the superior court authorizing the making of the deed, there is no presumption one way or the other under the facts of this case; it is a matter of proof, the burden being on the party attacking the deed and seeking relief which is dependent upon its validity being successfully assailed. The court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*