## McLENDON *et al.* v. CLARK *et al.*

1. This court will consider an answer filed by the respondents to a rule nisi, with affidavits thereto attached, in which rule nisi they are called upon to show cause why a motion for new trial should not be granted, although such answer was not filed until after the motion had been passed upon by the trial judge, where the plaintiffs in error, in their bill of exceptions, specify such answer as a part of the record to be sent to this court for its consideration, though the court had not ordered such answer and the affidavits in support thereof to be made a part of the record, nor identified the same by his signature. BECK, P. J., and ATKINSON, J., dissent.
2. Under the counter-showing the trial judge was authorized to hold that the movants were estopped from setting up the fact of relationship of the juror to the prevailing party as a ground for a new trial, because of the waiver that was made as to disqualification of jurors by counsel for caveators while the jury was being obtained.

No. 4404. NOVEMBER 15, 1924.

Appeal from probate of will. Before Judge W. E. Thomas. Colquitt superior court. April 21, 1924.

*W. A. Covington, Hill & Gibson,* and *Branch & Snow,* for plaintiffs in error.

*Humphreys & DeLoache, C. E. Hay,* and *J. L. Dowling,* contra.

BECK, P. J. The defendants in error, George F. Clark, J. F. Monk, and Mrs. Rachel M. Monk, filed their petition to the court of ordinary of Colquitt County, to probate in solemn form the last will and testament of R. G. Clark. To this application the plaintiffs in error, Mrs. Cynthia McLendon and Henry Clark, filed their

caveat.   At the April term, 1923, of Colquitt superior court, the case was tried, there having been an appeal from the court of ordinary to the superior court.   The jury returned a verdict in favor of the propounders.   During the same term of court at which the verdict was rendered the caveators filed their motion for a new trial.   This motion was subsequently dismissed.   Subsequently thereto an equitable petition was filed by the caveators against the propounders, seeking to enjoin, upon grounds stated in the petition, the further administration of the estate, and to preserve the assets thereof; but it is unnecessary to consider this petition, for the only questions here for decision are those presented in an extraordinary motion for new trial which was filed by the caveators during the July term, 1923, of the court.   This extraordinary motion is based upon the alleged disqualification of a juror, who, it is claimed, was related to the prevailing party, which relationship movants say was not known to them or to their counsel until after the verdict.   The judge, upon hearing the motion for new trial, overruled it.   The propounders in the case presented at the hearing an answer to the motion filed by the caveators, which answer, with the accompanying affidavits, is in the record.   But the plaintiffs in error insist that the counter-showing contained in the answer and affidavits can not be considered, as it does not appear that the answer was filed in the office of the clerk of the superior court at the time of the hearing, though it was filed in the clerk's office on the same day upon which the judgment overruling the motion was rendered; nor was any order taken making the answer or the exhibits attached thereto and referred to therein a part of the record.   The question here presented by this contention of the plaintiffs in error, as to the showing made by the respondents in the motion for a new trial, is the same as that made in the case of *DuPre* v. *State*, 153 *Ga.* 798 (113 S. E. 428), and the ruling made in the first headnote disposes of the question.   No elaboration of the ruling made is necessary, as the question is fully discussed in the opinions published in the case referred to, in which the divergent views of the members of the court are set forth.

Counsel for plaintiffs in error insist that there is a ground for not considering the counter-showing made by the respondents in the present case, additional to the reasons urged in the *DuPre* case; and that is, that the answer of the respondents in the motion for

new trial (that is, the propounders) was not signed by them or their counsel. This is true, but the answer is immediately followed by an affidavit verifying it, which was sworn to and signed by the propounders; and we are of the opinion that this was equivalent to signing the answer.

The counter-showing as made by the respondents in their answer and accompanying affidavits authorized the court hearing the motion for a new trial to find and to hold that the movants were estopped from setting up and insisting on the relationship of the juror to the prevailing party. As shown by the answer, which showing is supported by the affidavits submitted, the following occured while the jury was being obtained. "When said case was called for trial at the April term of the court, Mr. Dowling as one of counsel for the propounders, and Mr. Hill as one of counsel for the caveators, knew, or believed that they knew, all jurors upon the list furnished them who were disqualified from relationship, and then and there designated such disqualified jurors, and each juror so designated was by mutual consent excused and other jurors substituted in their places. While the list of jurors was being so purged and perfected, Mr. Dowling, of counsel for the propounders, suggested to the court that because of a bequest in said will to the First Baptist Church of Moultrie all members of that church might be disqualified; and thereupon Mr. Hill, of counsel for the caveators, stated in his place that such disqualification, if it were a disqualification, was waived by the caveators. Mr. Dowling again arose in his place, as one of counsel for the propounders, and was proceeding to state to the court other possible grounds of disqualification, but was interrupted in the course of such statement by Mr. Hill, who rose in his place as counsel for the caveators, saying: 'We waive all other disqualifications, if there are any others, and agree to strike from this list,' or words of that exact purport and effect, to which proposition Mr. Dowling then and there assented, and refrained from stating to the court other possible grounds of disqualification or causing further inquiry into possible grounds of disqualification of the jurors whose names then and there appeared upon the list of twenty-four as furnished by the clerk to counsel for both sides. From the list of twenty-four jurors so furnished and agreed to, counsel for each side struck

six names, and the remaining twelve jurors constituted the jury trying said case and returned the verdict complained of."

We do not think that the movants were in a position, after having made the waiver shown above, which the court was well authorized to find prevented further steps upon the part of the propounders to purge the jury, to insist upon relationship. It is further shown by the answer that the juror John Key, claimed by the movants to be a third cousin to one of the propounders and therefore disqualified, would have informed the court that he was possibly related to the propounder, J. F. Monk, and would have caused an investigation of the matter, though he was not sure of the existence of such a relationship; and this showing in the answer is sustained by the affidavit of John Key himself. Under the facts as shown in the record, as we have said above, we do not think the movants are in a position to insist upon the disqualification of the juror as a ground for setting aside the verdict.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent from the ruling in the first headnote.*