POWELL *v.* SUMNER *et al.*

No. 12853. June 16, 1939.

*William Story* and *E. R. Smith,* for plaintiff in error.
*J. P. Knight* and *I. H. Corbitt,* contra.

Grice, Justice. Mrs. Margaret Sumner and others, alleging themselves to be heirs at law of Mrs. Florida Ray, filed their petition against Fred Powell, praying for cancellation of an instrument which they alleged purported to be a deed executed by Mrs. Ray to the defendant about two weeks before her death, and which also purported to be a bill of sale to him of live stock and household goods, all of said property, by the terms of the instrument, to go into his possession at her death. Petitioners alleged that Mrs. Ray for a long time before her death was mentally incapable of

executing a valid deed; that the defendant had committed upon her specific acts of violence, beating her and rendering her unconscious; that thereafter she was so. intimidated, coerced, and influenced by the defendant that she was unable to resist any demands or requests that he made upon her; and that it was under these circumstances that she signed the instrument which they sought to have canceled. They prayed also that the defendant be enjoined from disposing of any of the properties thus coming into his possession; that he be required to make a true accounting to the court concerning all such properties which had been disposed of by him; that a receiver be appointed, with authority to take charge of the personal property alleged to belong to Mrs. Ray; that a permanent receiver be appointed to hold and manage her estate; and that the defendant be required to account to petitioners for rents and profits due to them as heirs at law of Mrs. Ray. The case was tried before a jury, whose verdict was in favor of the plaintiffs for cancellation of the deed, and that plaintiffs were entitled to mesne rents in a stated sum, and entitled to personal property of a stated value. The defendant's motion for new trial, on general and special grounds, was overruled, and he excepted.

■ The first special ground of the motion for new trial complains that Elias L. Ray, one of the jurors who tried the case, was related within the prohibited degree to Elizabeth Ray, a sister of Mrs. Florida Ray, who was not a party to the suit. It appeared that before the trial she had by quitclaim deed conveyed to a stranger all her interest in the property sued for. Explanatory of this ground of the motion, an affidavit by five persons was presented, which contained the following: "That then the court directed that each and all the jurors in the box on his right, who were related to said parties named, stand up, and likewise those related to the parties, on his left, to stand, and when a number stood up, including E. L. (Elias L.) Ray, and the court directed that those disqualified leave the box, and said E. L. Ray and others started to leave the box, stepped aside; and the court's attention was called to the fact that the relatives of Mrs. Elizabeth (Mrs. Joe S.) Ray were not disqualified, because she was not a party to the case, neither was she a party at interest to the case, she having sold all her interest and claim in the subject-matter of said suit to J. Henry Gaskins previous to the trial of the case, and prior to her

ever having been made a party therein; and then the court said, 'Gentlemen, what do you say to that?' addressing the question to counsel for both plaintiff and defendant; whereupon counsel for both plaintiffs and defendant stated to the court that that was true, that Mrs. Elizabeth (Mrs. Joe S.) Ray was no longer a party at interest, but that J. Henry Gaskins succeeded to her claim, and therefore jurors related to said Mrs. Elizabeth (Mrs. Joe S.) Ray would not be disqualified, so far as they (counsel) knew, and if there were such disqualification they waived it; thereupon the court, after such waivers were made with respect to said jurors including said E. L. Ray, said jurors were directed back into the box by the court, and the jury stricken, and said case proceeded to trial." There was also an affidavit from E. L. Ray verifying in all respects what has just been quoted. If there was at any time any reason why relationship of Elias L. Ray to Elizabeth Ray disqualified him to serve as a juror, which we do not mean to concede, the judge was authorized under the counter-showing to hold that the movant was estopped from setting up the fact of relationship of the juror as a ground for new trial. Compare *McLendon* v. *Clark,* 159 *Ga.* 264 (125 S. E. 447).

■ The second special ground of the motion is as follows: "Because the court committed reversible error in charging the jury upon the trial of said cause, as follows: 'Gentlemen, the last supplement that I just made to my charge had reference to that issue in the case involving mental incapacity; and the maker of the deed would not be bound by her contracts during lucid intervals, if you should find from the evidence and facts and circumstances of the case that the contract in question was executed during such intervals, if you find there were such lucid intervals, as a result of the coercion, force, or undue influence exercised and exerted over her by the defendant.' Because the said charge is contrary to law; it is a misstatement of the law. Because the charge is misleading and confusing, and the language used in the way and manner it was used is calculated to and did injure and damage the defendant. The charge in effect denied the defendant any rights he may have had by reason of the acts of Mrs. Florida Ray during lucid intervals. The charge most likely influenced the result of the case against the defendant; and taking into consideration the entire charge of the court, the error is not cured by the charge as a

whole." Counsel for the defendants in error cite and invoke the application of previous rulings of this court, to the effect that such a complaint in a motion for new trial invokes only the one question of the abstract correctness of the charge complained of. In *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201), it was said: "An assignment of error, that a specified portion of a charge is erroneous because 'misleading,' without stating in what way it was calculated to mislead the jury, is too general to be considered." In *Central of Georgia Railway Co.* v. *Goodson,* 118 *Ga.* 833 (2) (45 S. E. 833), it was held: "Grounds of a motion for a new trial which complain of extracts from the charge of the court, but do not point out the alleged error therein, call in question only the abstract correctness of the charges complained of." See also *Wade* v. *Eason,* 31 *Ga. App.* 256 (120 S. E. 440), and the authorities there cited. While the language of the exception here complained of was not as perspicuous as that ordinarily used by the distinguished occupant of the bench of the Alapaha Circuit, we think that the average man in the jury box would understand that the judge meant to instruct them that even a deed executed during a lucid interval would be void if it was the result of coercion, force, or undue influence. The theory of the law is that it is the citizen of average intelligence that sits in the jury-box. The judge need not frame his charge as if it were to be delivered to ignorant babes, nor should he use language suited only to scholars. It should be noted here that the ground of the motion now under discussion does not raise the question whether this portion of the charge was adjusted to the evidence. No reason for reversal is here shown.

■ We have finally to consider whether there is merit in the general grounds of the motion; which leads us to the inquiry, was the evidence sufficient to support the verdict? If, at the time of the execution of the deed under which the plaintiff in error claims, Mrs. Florida Ray, the grantor, was mentally incompetent, the verdict should stand. The deed under which the defendant, her brother, claims was a deed of gift. It would serve no useful purpose to rehearse here the material portions of the testimony. As to her mental condition, there is a serious conflict, but if the testimony of some of the witnesses was by the jury believed to be true,—and such was their province,—it can not be said that the

verdict, approved as it was by the trial judge, should be set aside on the ground that it was unsupported by the evidence.

Judgment affirmed. All the Justices concur.