1. The motion that the clerk of the trial court be directed to transmit to this court exemplifications of certain papers or orders of record in his office is denied; it appearing from a brief of the movant that such portions of the record as are contemplated by the motion are immaterial in view of other portions of the record which have already been transmitted.
2. A bill of exceptions wherein the only assignment of error challenges the correctness of a judgment denying a motion for new trial may not be amended by an attempt, after the case reaches this court, to assign error on the direction of the verdict, the verdict having been directed on November 6, 1941, and the bill of exceptions certified on March 2, 1942, no complaint of the direction of the verdict being contained in the motion for new trial. Herndon v. State, 178 Ga. 832
(1, a) (174 S.E. 597); Stewart v. Marietta Trust Banking Co., 129 Ga. 417 (3) (59 S.E. 231); Winn v. State, 124 Ga. 811 (53 S.E. 318).
3. One of the covenants in a security deed providing that the grantor "will keep the houses on said premises insured against fire and lightning, in *Page 320 
an insurance company or companies acceptable to second party [the grantee], or assigns, for at least seven thousand dollars, with loss, if any, payable to said party" (the grantee), and further providing that "if she [the grantor] should fail to maintain the insurance as herein provided for, . . then, in either of said events, all of said notes secured by this deed shall at once become due and collectible at the option of the holder," and that upon default the grantee might exercise a power of sale therein contained, and the instrument also providing that all other notices were waived by the grantor except notice of the place and time of such sale by advertising once a week for four weeks, a sale thereof under the power will not be invalidated on account of the fact that no notice was given to the grantor of the cancellation by the insurer of policies of insurance on the building. Nor under such circumstances is the holder of a junior security deed executed by the grantor in the first deed entitled to such notice. Compare Redwine v. Frizzell, 184 Ga. 230 (3), 234 (190 S.E. 789).
4. The right of the holder of the first security deed containing the foregoing provision, upon the cancellation of such policies and while the property was insured, to elect to treat the debt as due, and under the exercise of the power of sale to advertise and sell the property, is unaffected by the fact that thereafter, and before the day of sale, the holder of the junior security deed procured the issuance of insurance protection on the property, as the grantor had covenanted to do. Compare Cunningham v. Moore, 60 Ga. App. 850
(5 S.E.2d 71).
5. The evidence the admission of which is complained of in the motion for new trial did not bear on the controlling issues in the case; and it need not be determined whether, as an abstract question, the same was admissible over the objections urged, since irrespective thereof the evidence as a whole was such that the verdict rendered was the only legal finding the jury could have made.
6. It was not erroneous to refuse a new trial.
 No. 14164. JUNE 17, 1942. REHEARING DENIED JULY 16, 1942.
This is a suit by Delray Incorporated against Piedmont Investment Company and L. H. Glore, to enjoin a sale of real estate under a power of sale in a security deed given by Mrs. H. Levitsky to H. A. Glore, and by H. A. Glore transferred to L. H. Glore, and for appointment of a receiver. By amendment cancellation was sought of the deed made in pursuance of the power of sale. The sale having taken place pending the filing of the suit, the judge refused to grant an injunction. The security deed contained the power of sale, and the provision that the grantor should keep the houses on the premises insured against fire and lightning, in an insurance company acceptable to the grantee, for at least seven thousand dollars, and that upon failure to maintain such insurance *Page 321 
the holder of the security deed would have the right to declare the indebtedness due before maturity; and a further provision to the effect that upon failure to perform any of the covenants contained in the deed, the debt should then be declared due and collectible. Delray Inc. was the holder of a second security deed. It asserted in the suit that after default had occurred in any of the terms of said security deed, this would give the holder of the deed a right to exercise the power of sale referred to therein. The jury returned a verdict in favor of the defendant. A motion for new trial was overruled, and the plaintiff excepted. The bill of exceptions recites that the verdict was directed by the court on November 6, 1941. There is no complaint in the motion for new trial of the fact that the verdict was directed. One of the defendants in error, L. H. Glore, moved to dismiss the writ of error, on the ground that the only substantial relief sought was injunction; and that since the property was sold pending the litigation seeking to enjoin the sale, the question is moot. The plaintiff moved to amend the bill of exceptions by adding, after a recital that the judge directed the verdict, the following words, "which ruling the plaintiff in error assigns as error as being contrary to law, because the pleadings and the evidence show issues which should have been submitted to the jury." The plaintiff moved also that the court order the clerk of the trial court to transmit to this court exemplifications of the following papers in his office, to wit:
"1. Exceptions pendente lite filed by plaintiff, January 11, 1942. 2. Order on exceptions pendente lite, dated January 11, 1942. 3. Notice of lis pendens, filed in this case with the clerk, for which no order is required by law. 4. Petition of L. H. Glore for confirmation of sale. 5. Order on petition for confirmation of sale, dated November 23, 1940."
The evidence included the following: A security deed held by Glore, containing the covenants recited in the third headnote; that the companies holding policies on the property gave notice, on August 12, of their cancellation effective ten days thereafter; that it was on September 14 before new insurance policies were issued, and on September 16 these were offered to Glore, the new insurance being taken out, not by the maker of Glore's security deed, but by one of the successive transferees of the owner of the property covered by Glore's security deed, and also contained in the junior *Page 322 
security deed; that Mrs. Levitsky, the maker of the security deed to Glore, sold the property to a Mrs. Holleman, the latter later selling it to Mr. Ben Perlman, Perlman in turn transferring it to Piedmont Investment Co. In one portion of Glore's testimony it appears that he testified: "I declared this loan in default on October 9th, and the first publication was on October 16th." It also appears that L. H. Glore, the transferee of H. A. Glore, advertised the property for sale as attorney in fact for Mrs. Levitsky in the Marietta Daily Journal of September 19, 1940, this advertisement, dated September 2, 1940, stating that the property would be sold on the first Tuesday in October, 1940, and further reciting a default in one of the covenants, to wit, to keep certain insurance on the building, and reciting that all the notes were declared due and collectible. Mrs. Levitsky filed a petition against Glore, which was in the record, asserting that Glore "has advertised said property for sale under the stipulation contained in the loan deed, and because of the fact that said insurance was canceled;" and further reciting that it was canceled twice, but that on February 22 she took out more insurance, which is in full force and effect. On Mrs. Levitsky's petition restraining orders were granted, which were afterwards revoked in an order which recites that "and the defendant [Glore] is authorized to proceed with the advertisement in compliance with power in purchase-money security deed." Also in the record is another petition filed by Piedmont Investment Company against Glore, reciting that Glore is proceeding to sell the property on the first Tuesday in October, 1940, because of no insurance; and on this petition Judge Hawkins passed the following order:
"This matter having been before the court on at least three previous occasions in case No. 9181, of which proceeding president of the present plaintiff had notice, he being the father of plaintiff in that case, and it now being made to appear to the court that the insurance policies referred to in the petition were taken up by the issuing agent on September 18th, 1940, and this petition having been presented on the afternoon preceding the proposed sale under an advertisement which had been running for 30 days, or more, ordered that the restraining order prayed for be denied. This October 1st, 1940."
The plaintiff, as the result of several successive conveyances, is the transferee of a security deed conveying the property involved. Glore was the holder of a senior security deed; and Delray Inc. is the holder of a later security deed from Piedmont Investment Company, to which was conveyed such title as remained in Mrs. Levitsky, the grantor in the security deed held by Glore. The covenant to keep the premises insured was broken, and Glore declared the whole debt due, and under the power contained in the security deed advertised the property for sale. His right to do so was given to him in the instrument. The contingency happening on which arose his right to accelerate the maturity of the notes, he, without previous notice to any one, proceeded to advertise the property for sale according to the terms of the deed. On September 14, 1940, the plaintiff procured new policies in the required amount, and undertook to deliver them to Glore, which he declined to accept. At this time the breach of the covenant to keep the premises insured had occurred. The previous advertisement of the sale under the power, which had been temporarily enjoined by Judge Hawkins, was an election on the part of Glore to declare the whole debt due. Redwine v.Frizzell, 184 Ga. 230, 234-235 (supra), and cit. His right to act was not dependent on any previous notice to his debtor, or to the holder of any junior security deed; and his right having accrued, based on failure to keep the premises insured, it could not be divested because thereafter other policies were obtained and tendered to him. The original security deed containing the provisions above referred to was in evidence. The fact that the insurance had been canceled was not open to dispute. After it had been, the holder elected to act, the property was advertised in terms of the deed, and was sold. Counsel for the plaintiff argues that the policies were not in effect canceled, because no notice of such cancellation was sent to Delray Inc., the holder of a junior security deed. The whole case of the plaintiff depends upon the soundness of that contention. It can not be sustained. A different question was involved in Provident Savings LifeAssurance Society v. Georgia Industrial Co., 124 Ga. 399
(52 S.E. 289), and nothing there decided is contrary to what is here ruled. Nothing contained in the special grounds of the motion relates to the questions which control the case, or affords reason for the grant of a new trial. To the holder of every junior *Page 324 
security deed is attached the risk that the person holding the senior deed containing the usual covenants and power of sale to be found therein may, for a breach of one or more of the covenants, declare his debt due and sell under the power. When this is done fairly and in accordance with the terms thereof, the grantee in the second one loses his security, unless the property brings more than the amount of the older debt and he is without recourse on the holder of the first instrument. Such is this case. It was not erroneous to refuse to grant a new trial.
Judgment affirmed. All the Justices concur.