32892. EMPLOYEES LOAN & THRIFT CORP. *v.* ASHLEY.

DECIDED MARCH 9, 1950.

*Roy B. Rhodenhiser Jr.*, for plaintiff in error.
*Andrew W. McKenna*, contra.

FELTON, J. 1. The form in which the action is brought is a bit unusual but the petition and bill of particulars will be treated as a petition in a unit. It can be ascertained from the two what the contentions of the plaintiff are so as to determine the question whether a cause of action is stated. The demurrers to the form of the action are without merit.

2. The petition stated a cause of action as against the demurrers filed. The conditional-sale contract provided: "I have this 24 day of Feb., 1949, purchased and acknowledged delivery from Fowler's Auto Mkt. of Macon Georgia . . the following described motor vehicle: Ford, 2 Dr. Super Del., 99a-929351, 1946 . . for which I have paid $545.00 down and promise and agree to pay to the seller or his or its order the balance of $1072.62 as the balance of the purchase-price of same, said balance being payable in equal monthly instalments of $59.59 each except the last which is for $59.59, the first payable on the 30 day of March, 1949, and monthly thereafter, with interest on each instalment from maturity at the rate of eight per cent. per annum." The note and contract were transferred to the defendant. The petitioner disclaimed intention that he sought to claim usurious interest and confined his claim to unearned interest. If the insurance was issued to the petitioner and was paid to the defendant it would not be entitled to more than was due on the obligation of the plaintiff at the time of the payment to the defendant by the insurance company. The petitioner is precluded from claiming unearned interest as such by reason of the fact that the contract provides that the note as balance due was for the balance of the purchase-price. The

transaction involved a time price and not a cash price plus interest. However, the principle involved is the same. If the defendant had collected the note under a provision for acceleration of its maturity, the plaintiff would be entitled to a credit for the unearned interest if the note included interest. *McCrary* v. *Woodard*, 122 *Ga.* 793 (50 S. E. 941) ; *Lyle* v. *Mandeville Mills*, 68 *Ga. App.* 88 (22 S. E. 2d, 186). The same principle would apply where a time price is charged instead of a cash price plus interest. Of course the presumption that a time price was charged under the facts here would be rebuttable by proof that only a cash price was charged and that no interest was charged on the eighteen deferred payments. The plaintiff would be entitled to the proportion of the excess of the time price over the cash price that the length of time from the date of the note to the time of the payment of the insurance money to the defendant bears to the time covered by the note. As this is a transaction between the transferee of the note and the plaintiff, the amount to which the plaintiff would be entitled must be computed from the amount paid to the seller by the defendant for the contract and note for the reason that any profit on the sale of the note, made by the seller, could not be recovered from the defendant under the contentions in this case. The answer to the question presented is simply that the defendant cannot in equity and good conscience charge the plaintiff interest on the cash price of the automobile for the period of time when he got no benefit from the transaction, whether the carrying charge of the loan was interest or charged as a time price. The payment of the loan cannot, under the facts, be considered on the basis of a voluntary payment. The conclusion is compelled, from the allegations of the petition, that the insurance was issued to the plaintiff with loss clause made payable to defendant. In such case the defendant was authorized to collect the amount due at the time of the payment of the insurance. The facts show in effect a mutual agreement for acceleration of maturity in the event of destruction of the property by fire and brings the case within the principle of the cases cited. The petition does not allege when the loss was paid, but the action was filed before many of the instalments on the note matured. Whether or not the contract was affected with usury under the ruling in *Graham* v. *Lynch,* 206 *Ga.* 301

(57 S. E. 2d, 86), is not a question to be decided on the present record in view of the plaintiff's disclaiming the contention that the contract is usurious.

The court did not err in overruling the demurrers to the petition. *Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*