18974. ARRINGTON *v.* THOMPSON *et al.*
18989. THOMPSON *v.* ARRINGTON.

ARGUED JUNE 13, 1955—DECIDED JULY 13, 1955.

Robert B. Williamson, Gibson & DeLoache, Moore, Gibson, DeLoache & Gardner, for H. H. Arrington.

R. R. Forrester, Ford & Houston, R. D. Smith, contra.

MOBLEY, Justice. 1. Special grounds 4 and 5 of the amended motion for new trial were disapproved by the trial court, and will not be dealt with. Deal v. Lanier, 208 Ga. 615 (1) (68 S. E. 2d 566).

Special ground 6 complains that the court erred in admitting over objection an unsigned carbon copy of a purported option made by one of the defendants, J. T. Thompson, to W. C. Smith, reciting among other things that the option was subject to an outstanding interest conveyed to the defendant's three children.

W. C. Smith testified: Prior to December 12, 1950, the date of the option in controversy, the petitioner and three other men came to his office relative to buying timber. Witness stated he would probably be able to sell the timber to them on the land in dispute, when one of the men said they were about to buy that timber or the land, and they were advised witness's option had run out. Witness told them a turpentine lease was on it, and that the children had an interest in the land. The witness further testified that the paper exhibited to him by the attorney was the option dated November 3, which he held on this particular tract of land, was for a 30-day period expiring on or about December 2, and that it contained the stipulation, "subject to an outstanding interest conveyed to my three children," and that it was in his handwriting and was the option which was referred to as having run out. Thus the contents of the option material to this case were admitted in evidence without objection.

The improper admission of evidence is not ground for reversal where the same evidence is subsequently admitted without objection. Rogers v. Manning, 200 Ga. 844 (1) (38 S. E. 2d 724);

*Sapp* v. *Callaway*, 208 *Ga.* 805 (3) (69 S. E. 2d 734); *Healan* v. *Powell*, 91 *Ga. App.* 787 (2) (87 S. E. 2d 332).

Special ground 7 complains that the court erred in admitting over objection, a letter dated June 5, 1952, written by Eunice Thompson in Cleveland, Ohio, addressed to her brother, James Lindsey Thompson, in Doerun, Georgia, in which she transmitted the purported deed made by her father to the children.

C. E. Parrish, the justice of the peace who witnessed the purported deed of January 22, 1949, testified in part: J. T. Thompson executed the above-mentioned deed in the presence of witness and his bailiff. Witness prepared the deed and its execution was at the time it purports to be. F. E. Fender testified: He was a constable in the justice court and witnessed the deed in question. He did not see J. T. Thompson sign it. The justice of the peace called him in to witness the deed. Mr. Thompson was there, and heard the justice of the peace tell witness Mr. Thompson signed it. Eunice Thompson testified: She lived in Cleveland, Ohio. From time to time her father called on the children for money and he brought this deed to her in January, 1949. Witness and her sister, Myrtice, got up $1,000 for him. Witness kept the deed which he gave her. She wrote the letter, which was admitted in evidence over objection, and enclosed the deed to her brother. She did not know she had to record the deed and did not keep it off of the record to help her father defraud anybody. She had never had any knowledge of any trouble between her father and petitioner until the present action was filed.

"Where a deed, regular on its face, is attacked as invalid, the burden of proof rests on the person making such attack to establish the invalidity." 26 C. J. S. 603, § 190. "In a suit to recover land and to cancel a deed as a cloud upon the plaintiff's title, the burden is upon the plaintiff to make out such case as entitles him to the relief sought." *Shelton* v. *Edenfield*, 148 *Ga.* 128 (96 S. E. 3). "While the presumption of law that a deed which contains on its face no indications of falsity was executed on the day it purports to bear date may be controverted by evidence aliunde, the mere suggestion of fraud or falsity does not put on the parties producing it the burden of showing that the deed was actually executed on the day of its purported date." Nelson *v.* Brown, 164 Ala. 397 (5) (51 So. 360).

Assuming without deciding that the declarations in the letter from Eunice Thompson to her brother, to the effect that the purported deed of January 22, 1949, was executed on that date rather than in 1952, as contended by the petitioner, were self serving—where, as here, the only evidence in support of the contention of the petitioner was that he first learned of the purported deed after the decision of the Supreme Court was rendered, and that neither J. T. Thompson nor any of his children informed him of the existence of the deed until after it was recorded September 4, 1952, this was not sufficient to show that the deed was fraudulently executed subsequently to the date shown in the deed. Accordingly, there is no merit in this ground, for the reason that a finding was demanded that the deed was executed on the date it purports to have been executed. *Delray, Inc.* v. *Piedmont Investment Co.*, 194 *Ga.* 319 (5) (21 S. E. 2d 420, 142 A. L. R. 1116).

2. Special ground 8 complains of the charge: "Now this is the petition and you have a batch of it here. I will state here, just in a general way, I am going to give you two batches of papers. One of them you can consider, of course, if you think it is necessary but it is the record in the original case. You have learned, of course, that there was a contract for the sale of certain lands in Worth County and an option by the defendant, J. T. Thompson, to make a deed to the plaintiff. That matter was litigated and went to the Supreme Court and the Supreme Court held the option was a legal and valid contract and should be enforced. You can examine those papers but there is no contest as to the legality of the option, so I don't know that they would be beneficial, but they have been offered in evidence and will go out with you."

The effect of the above instruction was that the jury must recognize the validity of the option, as the Supreme Court had held that it was a valid and binding obligation, which was obviously the purpose for its introduction in evidence. The charge was not therefore, as contended, an expression or intimation of an opinion as to the weight of such evidence, in violation of the provisions of Code § 81-1104.

3. Special ground 9 complains of the charge: "Now, after that, the plaintiff in this case comes into court—and he is the holder of the option—and he says that, in spite of the fact that

the Supreme Court says it is a valid contract for the sale of the land, the defendant fails and refuses to make him a deed to the land, as contemplated by the original option; so he comes in—and you will have this petition out with you—and contends before the jury that those facts are true; that, since the validation of the contract by the Supreme Court, the defendant failed to carry out the contract, that he failed to make him any deed, as contemplated by the option contract, and, as a result of such failure and owing to the stubborn and litigious conduct of the defendant, that is, taking it to law, he has caused the plaintiff in this case expense, and has made it necessary for him to employ counsel at considerable expense, and he sets up in the petition the amount claimed. He also says, as a result of the finding of the Supreme Court and the conduct of the defendant in the case, he has been deprived of the use of the premises, and the premises have a value and, therefore, he should recover damages from the defendant in the amount he sets out in his petition. Those are the contentions of the plaintiff and, of course, if you are satisfied by a preponderance of the evidence that these claims have been sustained you would find in favor of the plaintiff in the case, otherwise, you would find in favor of the defendant."

The above instructions, while not covering all the contentions of the parties, were not, as contended, an erroneous statement of the plaintiff's contentions, and in another portion of the charge the court told the jury: "Under procedure in this State, these pleadings are not evidence in the case and shall not be regarded as such; while you may examine the petition, and amendments and the answer for the purpose of fully informing yourselves as to what the issues are and what the controversy is all about; while it is your duty to do so if you are not fully aware of and do not fully understand the issues, they are not evidence in the case; that is, you can not look to them in order to ascertain the facts upon which to base your verdict; you will find the facts from the evidence. These pleadings are merely the contentions of the plaintiff and the defendants."

Furthermore, it is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State,* 196 *Ga.* 468, 471 (26 S. E. 2d 755) ; *Edmiston* v. *Whitney Land Co.,* 198 *Ga.* 546, 549 (32 S. E. 2d 259) ; *Palmer* v. *Hinson,* 201 *Ga.* 654, 657 (40 S. E. 2d 526).

4. Special ground 10 complains of the charge: "Three of the defendants herein, Eunice Thompson, Myrtice Thompson, and James Lindsey Thompson, children of the defendant, J. T. Thompson, contend that, on January 22, 1949, their father, J. T. Thompson, executed and delivered a deed conveying the three hundred acres, which is the subject matter of this litigation, to them, with a reservation of a life interest to himself. If you believe that this deed was so executed and delivered, then I charge you that it would be legal and binding and conveyed to such three children the remainder interest in such lands, which remainder would become effective upon the death of the grantor, J. T. Thompson."

This charge is not excepted to as not being sound as an abstract principle of law, but it is insisted that the charge was confusing and not adapted to the issues because the deed was not recorded, and plaintiff contended that he had no notice of it. In another portion of the charge the court instructed the jury that, if they believed "that, prior to the time of the execution of the option from J. T. Thompson to H. H. Arrington, which option is in evidence, that H. H. Arrington had notice that the children of J. T. Thompson, and who are defendants herein, had an interest in the three hundred acres of land described in such option then the plaintiff can not recover fee simple title to such land." If additional instructions were desired, they should have been requested by an appropriate request.

5. Special ground 11 complains of the charge: "If you find that this deed was so executed on January 22, 1949, and was delivered in accordance with an agreement between J. T. Thompson and his former wife, the mother of the three grantees in such deed, and such three grantees, then I charge you this deed would not be a fraudulent conveyance made for the purpose of hindering, delaying and defrauding the creditors of J. T. Thompson and that such deed should not be set aside."

The criticism is that the court made the plaintiff's right to the cancellation of the deed from J. T. Thompson to his children depend on whether or not the deed was made for the purpose of hindering, delaying, and defrauding the creditors of J. T. Thompson, whereas plaintiff contended that the deed should be cancelled because it was made by the grantor as a part of his fraudulent

scheme and conspiracy to defeat and nullify the effect of the decree for specific performance already entered in this case. In paragraph 19 of his petition the plaintiff alleged that J. T. Thompson entered into the conspiracy "for the purpose of defrauding the collection by your petitioner of his damages which have accrued to him as a result of the mala fides" of J. T. Thompson and his children, and to prevent his collecting any judgment he might get against defendants. Furthermore, if as charged the deed was bona fide and made as contended by defendants, it was not a fraudulent conveyance and should not be set aside as a fraud against either creditors or a purchaser of the property. The charge complained of is a correct statement of the law as applied to the facts of the case and is not subject to the objection urged.

6. Special ground 12 complains of the charge: "I charge you that, even though this deed, which the parties hereto claim was executed on January 22, 1949, and shortly thereafter delivered to grantees or one of them for and in behalf of all of the grantees, was not recorded in the office of the Clerk of Worth Superior Court that the same would be legal, valid and binding as between the parties and the rights of such three grantees would be superior to the right of the plaintiff herein, if such plaintiff had actual notice or knowledge of such deed and the rights of the three grantees therein."

Special ground 13 complains of the charge: "I charge you that, if the plaintiff, Arrington, orally or verbally, was notified that the children of J. T. Thompson had an interest in the land in question and the fact that they held a deed to the land in question conveying a remainder interest, this notice was effective in putting the plaintiff on notice of such deed and that is notice that would legally bind him."

There is no merit in these grounds, the court in a subsequent portion of its charge having instructed the jury that the plaintiff could not recover if they believed that, prior to the time of the execution of the option, plaintiff had notice that the children had an interest in the land.

7. Special ground 14 complains of the charge: "In addition to the instructions I have already given you, gentlemen—and I gave you a part of this before you retired but that has been cancelled

out—I give you this in charge to be considered by you along with all the instructions the court has given you and as a part thereof: If you believe by a preponderance of the evidence that the deed, which is in evidence, was executed on January 22, 1949, as it purports to be, and was thereafter shortly delivered to Eunice Thompson, one of the defendants, and was at the time of its execution bona fide—that means in good faith—and made for a lawful and valuable consideration; and if you believe that prior to the time of the execution of the option from J. T. Thompson to H. H. Arrington, which option is in evidence, that H. H. Arrington had notice that the children of J. T. Thompson, and who are defendants herein, had an interest in the three hundred acres of land described in such option then the plaintiff can not recover fee simple title to such land. And if you believe that subsequent to the final determination of the suit for specific performance instituted in this court by H. H. Arrington against J. T. Thompson, the pleadings in which case are in evidence, that is, at all times since the final termination of such litigation in favor of H. H. Arrington, which was on the date of the judgment of the Supreme Court of Georgia was made the judgment of this court, the defendant, J. T. Thompson, has at all times been ready and willing to convey to the plaintiff his entire interest in such land, which willingness was made known to the plaintiff, and that the plaintiff refused to accept such title as he could convey, but refused to accept the same, then I charge you that the plaintiff would not be entitled to recover the land in question and you should find a verdict in favor of the defendants."

Manifestly the additional instructions wherein the court stated, "I gave you a part of this before you retired but that has been cancelled out," had reference to the court's instructions concerning the validity of the purported deed of January 22, 1949 (quoted in divisions 4, 5, and 6, supra), which instructions were immediately repeated, after the jury had retired, together with the additional instruction that any notice barring the plaintiff's right to recover must have preceded the execution of the plaintiff's option.

"The theory of the law is that it is the citizen of average intelligence that sits in the jury box" (*Powell* v. *Sumner*, 188 *Ga.* 341, 344, 3 S. E. 2d 902), and "A charge, torn to pieces and scattered

in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound." *Brown* v. *Matthews*, 79 *Ga.* 1 (4 S. E. 13) ; *Buttersworth* v. *State*, 200 *Ga.* 13, 24 (36 S. E. 2d 301). While the instruction that, if the jury believed that at all times J. T. Thompson had been ready and willing to convey his entire interest to the plaintiff, the plaintiff would not be entitled to recover the land, was inappropriate because the court in the prior specific performance suit had directed the clerk of the court to execute a deed conveying to the plaintiff all of the interest of J. T. Thompson in the land in question upon compliance by the plaintiff with conditions stated in the decree, this instruction was harmless to the plaintiff, for the reason that the direction of the court operated to vest in the plaintiff all the interest that J. T. Thompson might have conveyed, and the plaintiff's pleadings and evidence plainly indicate that the plaintiff would not be willing to pay the remainder of the purchase price unless he could obtain a fee-simple title against all of the defendants.

The charge as a whole was full and fair and adequately covered the contentions of the parties and the principles of law applicable thereto. Accordingly, the excerpts complained of were not erroneous for any reason assigned.

8. The plaintiff in error insists upon the general grounds. The theory of the plaintiff's case is that by the judgment of the trial court, based upon the previous decision of the Supreme Court, he was entitled to and was awarded fee-simple title to the property from J. T. Thompson upon payment of the balance of the purchase price; that subsequently J. T. Thompson and the other defendants, his children, fraudulently executed and placed upon record a deed from him to his children, which was a cloud upon his title; that he had paid the balance of the purchase price into court; and that Thompson had deprived him of possession of the property during all of this time and had been stubbornly litigious. By this ancillary petition he sought to cancel the deed as a cloud upon his title, damages against J. T. Thompson for depriving him of possession, and attorney's fees because of his litigious conduct, and to be placed in possession of the premises under the original judgment, after removal of the cloud upon his title, which would leave him in possession with a fee-simple

title. As to J. T. Thompson, he says five questions were raised, or in other words five subjects of relief sought, to wit, (1) a writ of possession, (2) cancellation of security deeds made by Thompson to the bank, (3) damages or rents for the years 1951, 1952, and 1953, (4) attorneys' fees for his stubborn and litigious conduct, and (5) cancellation of the deed from Thompson to his children. He contends that a verdict was demanded against J. T. Thompson on each of these issues, and that therefore a general verdict in favor of all the defendants cannot stand, even if good as to the other defendants. We do not agree that a verdict was demanded against J. T. Thompson for any of the relief sought.

First. The plaintiff prayed for a writ of possession, not against J. T. Thompson alone, but against him and the other defendants, upon removal of the cloud upon his title by cancellation of the deed. He did not ask for, and undoubtedly does not want, possession from J. T. Thompson alone upon his conveying only a life estate to him, which is all he would have where as in this case the jury found against cancellation of the deed.

Second. Cancellation of the security deeds from J. T. Thompson to the bank was eliminated by the pleadings.

Third. He was not entitled to damages for rent until he complied with the terms of the original judgment as to payment of the balance of the purchase price, when the title of J. T. Thompson was to vest in him. The payment made into the registry of the court here was conditional, and did not constitute payment as required by said judgment.

Fourth. As to the recovery of attorneys' fees for stubbornly litigious conduct, the evidence supported the jury's verdict. In this connection it will be remembered that the plaintiff brought the original petition for the enforcement of his option, and before the remittitur of the Supreme Court was made the judgment of the trial court he brought this proceeding. "Ordinarily services of an attorney must be paid for by the client who employs him. Code § 20-1404." *Hill* v. *Bush,* 206 *Ga.* 543 (1) (57 S. E. 2d 670).

Fifth. As to the cancellation of the deed from J. T. Thompson to his children, the burden of proof was upon the plaintiff to establish the invalidity of the deed. See 26 C. J. S. 603, § 190; *Shelton* v. *Edenfield,* 148 *Ga.* 128, supra; Nelson *v.* Brown, 164

Ala. 397 (5), supra. The plaintiff offered no evidence whatever to show that the deed was not executed on the date it was purported to have been made, was not for a valid consideration, and was not delivered. In fact the evidence as to the validity and delivery of the deed was undisputed, and there was no evidence to support the plaintiff's contention that the deed was fraudulently made.

.As to the other defendants in the case, the children of J. T. Thompson, there are only two issues: 1st, was the deed executed by J. T. Thompson to them on January 22, 1949, for a valuable consideration and duly delivered to them? We have heretofore dealt with that question. 2d, did the plaintiff, Arrington, have actual notice of the interest of the children of said defendant in the property prior to the execution of the option in question? Several witnesses testified that he did. The jury accepted the . testimony of these witnesses rather than the plaintiff's, to the effect that he had no notice prior to taking the option.

The jury found against the plaintiff upon each and every issue, returning a general verdict for the defendants. For the reasons stated, the general grounds are without merit,

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Duckworth, C. J., who concurs in the judgment but not in all that is said in the opinion.*