36975.   CARTER *et al. v.* WHATLEY.

DECIDED JANUARY 24, 1958.

*Benjamin B. Garland,* for plaintiffs in error.

*Ray M. Tucker,* contra.

NICHOLS, Judge. " 'Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto.' Code § 110-401. 'The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded.' *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (2) (35 S. E. 777)." *Healan* v. *Powell,* 91 *Ga. App.* 787, 789 (87 S. E. 2d 332).

In the case sub judice a verdict for the plaintiff was demanded inasmuch as the affidavit of illegality does not dispute the statements in the foreclosure affidavit that the debt is "past due and unpaid." Therefore, the only questions presented are whether the actions of the defendants, as set forth in the stipulated facts and the affidavit of illegality would authorize a finding that the plaintiff was not entitled to the attorney's fees as called for in the contract and the costs of court, and whether the contract sued on was usurious.

The contract set forth a *balance cash price*, a *time price differential*, and the total of these two items as the *total note amount* or *balance time price*. It also provided that in the event any payment was not made when due the "seller may declare the unpaid balance immediately due and payable," and that, "time is the essence of this contract."

While under the decision of this court in *Employees Loan & Thrift Corp.* v. *Ashley*, 81 *Ga. App.* 150 (58 S. E. 2d 205), where a contract had been transferred by the vendor to a third party and the contract was paid in advance by insurance paid for by the vendee, after the property sold was destroyed, the vendee could recover from the transferee the pro rata difference between the price paid for the contract by the transferee and the "total time price," this case did not hold that where a contract contained a *time price*, payable in instalments, and the balance was declared due after a default by the vendee, that the vendee was not indebted for the full amount of the *time price*. To so hold would be to declare that where a vendor and vendee had entered into a solemn contract calling for a *time price* in excess of the cash price plus the maximum lawful interest, which is permitted (see *Irvin* v. *Mathews*, 75 *Ga.* 739, *Napier Co.* v. *Trawick*, 164 *Ga.* 781, 139 S. E. 552, *Richardson* v. *C.I.T. Corp.*, 60 *Ga. App.* 780 5 S. E. 2d 250, and *Talley* v. *Commercial Credit Co.*, 39 *Ga. App.* 297, 147 S. E. 175), the vendee could refuse to make any payment and put the vendor in the position of having to forego the difference in the *cash price* and the *time price* for the 7% interest on the judgment or of having to wait until the final payment under the contract was due before he could collect the *time price* as provided for in the contract. Therefore, the contention of the defendants here that they were only bound for the *cash price* plus 7% interest is without merit.

The contention that the defendants were relieved of having to pay the attorney's fees and court costs because they had made a tender of the full *time price* within 10 days after the notice that the total *time price* was due is without merit.

The tender was made in the form of a check, and although the plaintiff would have been held to have waived this defect, if he objected to the tender on some other ground, where as here the plaintiff, according to the record, merely refused the check without giving a reason, which he of course had a right to do, it cannot be said that he waived the defect which rendered the tender ineffective. Code § 20-1105; *Holland* v. *Mutual Fertilizer Co.*, 8 *Ga. App.* 714 (70 S. E. 151); *Kiser Co.* v. *Padrick*, 30 *Ga. App.* 642 (14) (118 S. E. 791).

The contract provided that, in the event the vendee defaulted under the terms of the contract, the vendee would pay all costs of collection including *reasonable attorney's fees*. Where a contract provides for *reasonable attorney's fees* the amount of such fees is calculated under the provisions of the Act of 1953 (Ga. L. 1953, Jan.-Feb. Sess., pp. 545, 546; Code, Ann., § 20-506). The attorney's fees awarded in the present case were awarded in conformity with such act.

Accordingly, the verdict directed for the plaintiff was demanded by the evidence and the trial court did not err in denying the defendants' motion for new trial for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*