26408.   WHITE et al. v. TURBIDY. .


Hawes, Justice. The appeal here is from the grant of a summary judgment for the defendant. Plaintiffs White, Palmer and Gilbert sued defendant Turbidy seeking to enjoin the foreclosure of a deed to secure debt executed by them covering certain property which they had jointly purchased from the defendant. Based upon the sworn complaint, the Presiding Judge of the Fulton Superior Court issued an ex parte temporary restraining order enjoining the foreclosure. Thereafter, the defendant filed his answer and a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. When that motion came on to be heard the trial judge received evidence, considered matters extraneous to the pleadings, thus treating the motion to dismiss as one for a summary judgment, and granted a summary judgment to defendant. That judgment is the one here for review. The facts adduced upon the hearing show substantially the following: On June 12, 1969, the plaintiffs jointly purchased from the defendant a described tract of land located in Rockdale County, Georgia, giving in partial payment therefor a promissory note in the principal sum of $25,385.25 bearing interest at 7 percent per annum and payable in equal annual instalments of $3,536, due on June 12, commencing in 1970. This note was secured by a deed to secure debt covering the property purchase by the plaintiffs. This note carried the following provisions: "Should any instalment not be paid when due, or should the maker, or makers, hereof fail to comply with any of the terms or require- ments of a security deed of even date herewith conveying title

to real property located in Rockdale County, Georgia, as security for this indebtedness, the entire unpaid principal sum evidenced by this note, with all accrued interest, shall, at the option of the holder, without notice to the undersigned, become due and may be collected forthwith, time being of the essence of this contract." On June 22, 1970, Fred A. Gilbert sent to the defendant his personal check in the amount of $3,536 payable to J. Martin Turbidy. On June 26, 1970, the defendant's attorney wrote to Mr. Gilbert returning the check and notifying him that "by reason of your default in the payment of the instalment due on June 12, 1970," J. Martin Turbidy hereby declares the indebtedness due under said note accelerated and the entire principal balance and accrued interest due and payable. Thereafter, Mr. Gilbert sent the check back to the attorney and the attorney again wrote to him returning the check "for the further reason that your offer of payment by personal check is not in accordance with the terms of the note, in that said note requires 'said principal and interest being payable in lawful money of the United States' and under the law the offer of payment by personal check is not legal tender nor is it payment in money under the Uniform Commercial Code." The trial court rendered a summary judgment for the defendant holding in effect that the defendant, under the facts above outlined, was authorized to declare the contract in default, to accelerate the payments, collect attorney's fees upon the failure of the plaintiffs to pay the indebtedness in full within 10 days from the receipt by them of the letter of June 26, 1970, and to foreclose the deed to secure debt.

1. "Forfeitures of rights under valid legal contracts are not favored under the law. Our courts generally are quick to seize upon any waiver of a forfeiture, the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture cannot be recalled." *Pearson v. George,* 209 Ga. 938, 945 (77 SE2d 1). See also, *Code* § 37-216.

2. Where, as in this case, a real estate instalment note provided for the payment of annual instalments thereon on a definite date each year commencing in 1970, and further provided that in case of default in the payment of any of the instalments there-

under the holder of the note might elect to declare the indebtedness in default and to declare the unpaid principal balance due and payable there was no automatic acceleration of the annual instalments but such instalments were to be accelerated only upon declaration thereof by the holder and notification of such determination to the obligor. *Lee v. O'Quinn,* 184 Ga. 44, 45 (190 SE 564).

3. While ordinarily checks and promissory notes are not themselves payment until they are themselves paid, they may be deemed to be so where from acts or conduct of the payee the jury would be authorized to find that a check or other such instrument was in fact accepted by the payee as payment. *Norton v. Paragon Oil Can Co.,* 98 Ga. 468, 470 (25 SE 501); *Moore v. Walker,* 27 Ga. App. 428 (2) (108 SE 809); *Nash Motors Co. v. J. M. Harrison & Co.,* 52 Ga. App. 333, 335 (183 SE 202).

4. Under the foregoing principles it was not open to the defendant to declare a default on account of the late tender of the first instalment due on the loan after he once had such tender in hand. His failure to specify in his first letter to the plaintiff, Gilbert, as grounds for declaring the default, that the medium of tender was not "in lawful money of the United States" constituted a waiver of his right to object to the tender on that ground and it was not open to him to thereafter raise that objection to the tender. *McEachern v. Industrial Life &c. Ins. Co.,* 51 Ga. App. 422, 430 (180 SE 625). The subsequent effort on the part of the creditor to assign as a basis for declaring the default the tender of a check rather than cash was therefore not effective for that purpose.

5. Under the facts adduced, the tender here was properly made and was equivalent to performance of the obligation under the contract. *Code* § 20-1105. It was immaterial that the actual cash was not tendered since the defendant by his course in failing to object to the tender on that ground and at the first opportunity waived his right to insist on payment in cash. If there be anything contrary to the ruling which we here make in the case of *Holland v. Mutual Fertilizer Co.,* 8 Ga. App. 714 (2) (70 SE 151), and *Carter v. Whatley,* 97 Ga. App. 10 (101 SE2d 899), those cases must yield to the Code section above

cited. In the absence of a clear showing that the check tendered in payment was not drawn on solvent funds, it was error for the trial court to grant a summary judgment to the defendant.

*Judgment reversed. All the Justices concur, except Mobley, P. J., Grice and Felton, JJ., who dissent.*

ARGUED MARCH 9, 1971—DECIDED JULY 12, 1971—

REHEARING DENIED JULY 30, 1971.

*Edwin G. Shaffer*, for appellants.

*Candler, Cox & Andrews, E. Lewis Hansen*, for appellee.

MOBLEY, Presiding Justice, dissenting. The ruling by the majority of the court that acceleration of the indebtedness could be made only upon declaration thereof by the holder, and notification of such determination to the obligor, was based on *Lee v. O'Quinn,* 184 Ga. 44, 45, supra. In that case the acceleration clause of the note provided that failure to comply with the terms of the contract would accelerate the principal "at the option of the holder of this note," and this court, with one Justice dissenting, held that a default in payment did not automatically accelerate the indebtedness, but the creditor must evidence his intention to take advantage of the acceleration clause, and until this was done, tender could not be refused.

In the present case the acceleration clause in the note provides that failure to comply with any of the terms of the deed securing the note accelerates the principal and interest "at the option of the holder, *without notice to the undersigned.*" (Emphasis supplied.) It is my view that the language in the note allowing the creditor to accelerate the indebtedness without notice to the debtor removes the present case from the ruling in *Lee v. O'Quinn,* supra, and that the applicable ruling is found in *Delray, Inc. v. Piedmont Investment Co.,* 194 Ga. 319 (3) (21 SE2d 420, 142 ALR 1116), where it was held that the indebtedness secured by a security deed could be accelerated on breach of a covenant of the deed, without notice to the debtor, where the deed provided waiver of notice.

FELTON, Justice, dissenting. The majority opinion does not contain the entire quotation from the provisions of the note involved

with reference to the provisions for the creditor's acceleration of the maturity of the instalments not due. The provision omitted is as follows: "*It is further agreed that failure of the holder to excerise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or estop the holder from exercising such right.*" (Emphasis supplied.) The fact that the payee of the note did not immediately, upon default in the payment of the first instalment due, accelerate the maturity of the remaining instalments, did not prevent or estop him from later accelerating such maturity. He later did exercise his option of acceleration by so notifying the debtors in writing, twice. Since the holder of the note was clothed with the right to accelerate the maturity, and committed no act not authorized by the note, and committed no fraud or other act which exceeded the bounds of the written contract, this court cannot interfere with the enforcement of the contract according to its terms. Under the circumstances, the holder was never bound to accept a tender of the first instalment after it was past due, even if it had been in legal tender. Since the holder had the right to accelerate the maturity of instalments not due at any time, the debtors could not foreclose that right by making a tender of any kind after default beyond five days. That is what this court has ruled and insofar as I know, such a ruling is beyond the terms of any ruling I have ever seen under the provisions of such a contract as is here involved. As to the case of *Pearson v. George*, 209 Ga. 938, cited by the majority, in that case there was no provision in the contract providing against a waiver of the breach of the contract, as in this case. As to Division 3 of the opinion, there is no evidence that the check was received as payment or why it should have been so considered. As to Division 4 of the opinion, the holder of the note was not obliged to accept legal tender in payment of the first instalment. He had not, before the tender, exercised his right to accelerate and the attempted tender could not prevent its later exercise under the terms of the note. Since the maturities of the instalments were accelerated before the second tender by check, the second tender was ineffective since all of the debt was then due and the holder had the right to refuse it even though he may not have given the right reason. The majority

misconstrue the meaning of the *McEachern v. Industrial Life & Health Ins. Co.* case, supra. This and similar rulings apply to cases such as where a tender is made *before default* and where it could have still been made properly if the objection as to medium of payment had been made.